[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12358
Non-Argument Calendar

_____

Agency No. A95-895-002

LUZ MARY VELASCO,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 23, 2005)**

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Luz Mary Velasco, a native and citizen of Colombia, seeks review of the

Board of Immigration Appeals' ("BIA") decision affirming without opinion the immigration judge's ("IJ") order denying her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief, as well as the BIA's order denying her motion to reconsider.

Velasco argues that the IJ erred in concluding that she did not have a well-founded fear of persecution and that she did not establish she could not relocate within Colombia, and in denying her application for withholding of removal. She asserts that if past persecution is established, a well-founded fear of persecution is presumed unless the government can establish that conditions in the country have changed to such an extent that the applicant no longer has a well-founded fear of future persecution. Velasco then reiterates the factual testimony from her asylum hearing.

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted). We have jurisdiction over a "final order of removal," so long as the petition for review is filed within 30 days. 8 U.S.C. § 1252(a)(1), (b)(1). The BIA's order on February 1, 2005, affirming the IJ's decision, was a final order of removal. See 8 C.F.R. § 1241.1(a). Because Velasco did not file her petition for review until April 28, 2005, more than 30 days after the BIA's first order, her petition was not timely, and we lack jurisdiction to review that order.

2

See 8 U.S.C. § 1252(b)(1).  Accordingly, we dismiss the petition, in part, for lack of jurisdiction insofar as Velasco is seeking review of the IJ's determinations adopted by the BIA in its first order.

Although Velasco does not state how her petition challenging the BIA's first order is timely, but to the extent she is arguing that the time for filing her petition was tolled pending the resolution of her motion to reconsider, this argument fails. In Stone v. INS,  514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)  the Supreme Court considered "whether the filing of a timely motion for reconsideration of a decision by the [BIA] tolls the running of the [statutory time] period for seeking judicial review of the decision." Id. at 388, 115 S. Ct. at 1541 (construing the former 90-day period for filing a petition for review under INA § 106(a)(1), 8 U.S.C. § 1105a(a)).  The Court concluded that "deportation orders are to be reviewed in a timely fashion after issuance, irrespective of the later filing of a motion to reopen or reconsider," and that "the filing of the reconsideration motion does not toll the time to petition for review." Id. at 394-95, 115 S.Ct. at 1543-44.  In Dakane v. United States Attorney General,  399 F.3d 1269 (11th Cir. 2005) we recently applied Stone and noted that, because "the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling" based on the timely filing of a motion to reopen.  Id. at 1272 n.3.

3

Because Velasco failed to file a petition for review within 30 days of the entry of the BIA's first order, this Court lacks jurisdiction to review any issues resulting from alleged errors in that order. However, because the BIA's denial of her motion to reconsider is a separate final order of removal, and because she filed the petition for review within 30 days of that order, we do have jurisdiction to review the BIA's second order.

As noted above, Velasco's entire argument focuses on her underlying asylum claim. We review the BIA's denial of a motion for reconsideration for an abuse of discretion. See Assa'ad v. United States Attorney General, 332 F.3d 1321, 1341 (11th Cir. 2003). A motion for reconsideration "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C); see also 8 C.F.R. § 1003.2(b)(1) (same). Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." See Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted) (addressing a motion to reopen). The BIA abuses its discretion when its decision "'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.'" See Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir. 2003) (citation omitted) (addressing a motion to reopen). Motions

4

to reconsider are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992) (discussing motions to reopen). Furthermore, "[a] motion that merely republishes the reasons that had failed to convince the tribunal in the first place" is inadequate to support a motion for reconsideration because it "gives the tribunal no reason to change its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004). Finally, when a petitioner advances no arguments in her brief regarding an issue, the petitioner abandons that issue, and we need not consider it. See Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).

Velasco abandoned any claims regarding the order denying her motion for reconsideration by not raising them in her brief. Even if Velasco has not abandoned these claims, the BIA did not abuse its discretion in denying arguments that it previously had denied.

Upon careful review of the record on appeal and consideration of the parties' briefs, we discern no reversible error. For the above reasons we dismiss the petition in part and deny the petition in part.

**DISMISSED IN PART AND DENIED IN PART.**

5