**Yan Chun LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–4447–ag NAC.

United States Court of Appeals, Second Circuit.

Nov. 3, 2006.

Tao Lin, New York, NY, for Petitioner.

Bud Cummins, United States Attorney for the Eastern District of Arkansas, Gwendolyn D. Hodge, Assistant United States Attorney, Little Rock, AR, for Respondent.

Present: DENNIS JACOBS, Chief Judge, JOSEPH M. McLAUGHLIN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Yan Chun Lin, a native and citizen of the People's Republic of China ("China"), seeks review of a February 14, 2003 order of the Board of Immigration Appeals ("BIA") denying his appeal from the November 5, 2001 decision of Immigration Judge ("IJ") Brigitte Laforest denying petitioner's motion to reopen. *In re Yan Chun Lin* No. A73 561 135 (B.I.A. Feb. 14, 2003), *aff'g* No. A73 561 135 (Immig. Ct. N.Y. City Nov. 5, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) *(per curiam); Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Lin's appeal. As the BIA reasonably found, Lin's motion to reopen was untimely under 8 C.F.R. § 1003.23(b)(1), and Lin failed to demonstrate that he fell within one of the exceptions for late-filing under 8 C.F.R. § 1003.23(b)(4). Moreover, Lin's motion to reopen raised the same claim of persecution that the IJ considered and dismissed as not credible in May 1997. Notwithstanding Lin's argument that under *Matter of X–G–W–*, 22 I. & N. Dec. 71, and *Matter of C–Y–Z*, 21 I. & N. Dec. 915, the forced abortion and sterilization of his wife constituted persecution of both him and his wife, these cases do not bear on the IJ's credibility finding. *Cf. Ahmed v. Ashcroft*, 388 F.3d 247, 250–51 (7th Cir. 2004). Although Lin submitted documents with his motion, he made no effort to explain how they were relevant to his claim or how they demonstrated an exception to his otherwise untimely motion. *See*

*Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 48 (2d Cir.2005); 8 C.F.R. § 1003.23(b)(1). Even if the IJ had considered those documents—which included a photo of Lin's purported wife showing a "sterilization" scar, and documents alleging that his wife underwent a sterilization procedure—nothing in these documents indicate that the alleged sterilization was coerced.

Lin argues in his brief to this Court that the agency "failed in its obligation to delineate its basis for denying [his] motion to reopen by not addressing the critical question of whether country condition ha[d] indeed changed." Specifically, Lin argues that the BIA failed to consider his claim to a well-founded fear of persecution based on the enactment of the Family Planning Law of 2002 and the birth of his second child in 2002. However, Lin never raised this claim before the IJ or the BIA, and he cannot now raise it in his petition for review. *Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004) *(per curiam).*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).