[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10915
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2006
THOMAS K. KAHN
CLERK

BIA Nos. A96-270-090 & A96-270-091

ESTHER AVALOS,
MAURO HUCULAK,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 7, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Petitioners, mother and son, are natives and citizens of Argentina. They were admitted into the United States in 2001 under the Visa Waiver Program. Petitioner Avalos, acting for herself and her son, applied for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. An Immigration Judge ("IJ") heard her application and denied relief for three reasons. First, the application was frivolous. See Administrative Record at 45. Second, the asylum claim had been "fabricated solely for the purpose of obtaining some sort of immigration benefit in this country and ha[d] nothing to do with politics and everything to do with . . . economic problems." Id. at 46. Third, the application was generic, undetailed, and unspecific. Id.

Petitioners appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed without opinion and stated that the IJ's decision was the final agency determination. Petitioners thereafter moved the BIA to reconsider its decision. They argued that they had established eligibility for asylum and withholding of removal. In essence, they asked the BIA to re-weigh the evidence. The BIA denied reconsideration, finding "no basis for reconsideration." Petitioners then filed the instant petition for review, contending that the BIA had abused its discretion in denying reconsideration.

We review the BIA's denial of a motion for reconsideration for an abuse of discretion. Assa'ad v. United States Attorney General, 332 F.3d 1321, 1340-41

2

(11th Cir. 2003). The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir. 2003) (quotations omitted).

After the BIA has affirmed an IJ's order of removal, the alien may seek reconsideration on the ground that the BIA has made a legal or factual error. See INA § 240(c)(6); 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1). A motion for reconsideration must specify the errors of law or fact in the previous order and be supported by pertinent authority. 8 U.S.C. § 1229a(c)(6)(C). "A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (noting that a motion to reconsider "'is a request that the [BIA] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked'" (citation omitted).

The BIA did not abuse its discretion in denying Petitioners' motion for reconsideration because the BIA did not make a legal or factual error in affirming the IJ's decision.[1] The record supports the affirmance because Petitioners presented no specific evidence that their family suffered past persecution. Both

---

[1] Petitioners fail to point out any legal or factual error in the BIA affirmance.

3

Petitioner Avalos's application and testimony referenced threats from politically-minded delinquents but failed to explain the delinquents' political affiliations or their motivation for attacking the family. Further, Petitioner Avalos did not state what her family's political beliefs were and how these beliefs put them in danger of persecution. Lastly, she provided no dates or specific details regarding any threats or physical attacks by these delinquents. Lastly, she points to no legal or factual error made by the BIA in denying the motion for reconsideration.

**PETITION DENIED**.