[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2006
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-11224
Non-Argument Calendar

----------------------------------------

BIA No. A96-108-762

HUA WANG LIN,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------
Petition for Review from a Final Order
of the Board of Immigration Appeals
----------------------------------------------------------------

**(December 14, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Hua Wang Lin ("Lin"), a Chinese citizen, petitions for review of the denial

by the Board of Immigration Appeals ("BIA") of Lin's motion for reconsideration.

Previously, the BIA had summarily affirmed the Immigration Judge's ("IJ") denial of Lin's applications for asylum, withholding of removal, and relief under the U.N. Convention Against Torture ("CAT"). Because the BIA did not abuse its discretion, we deny the petition.

After entering the United States illegally in 2003, Lin sought asylum during removal proceedings before an IJ in which Lin claimed past and possible future persecution in China. Specifically, Lin claims that Chinese family planning officials imposed extensive penalties on him for marrying too young, having two children without government authorization, and harboring a pregnant woman who hid from authorities to escape a forcible abortion. Lin allegedly faces substantial outstanding fines for these acts. According to Lin, failure to pay these fines will likely result in imprisonment and physical abuse by Chinese officials. Lin also alleges that his wife underwent forcible sterilization in 1990, which fact he did not mention in his initial credible-fear interview report.

The IJ determined that Lin failed to present credible testimony to support his applications for asylum, withholding of removal, and CAT relief. The IJ identified several inconsistencies and omissions in Lin's testimony at the hearing, his asylum application, and his credible-fear interview. For example, Lin did not report his wife's forcible sterilization during his credible fear interview, although

2

he was asked whether any member of his family had been mistreated.[1]  The IJ

concluded that the more likely explanation was that Lin's wife had undergone a

voluntary sterilization procedure.  After considering evidence that China had

recently relaxed its rigid birth control policies, the IJ doubted Lin's story about the

woman who sought his protection after she was threatened with a forcible

abortion.  In addition, that Lin legally left China using a Chinese passport and did

not apply for asylum during his subsequent extended stays in both Germany and

Barbados led the IJ to conclude that Lin did not need international protection.  The

IJ, therefore, determined that Lin was not credible and that he could not establish a

well-founded fear of persecution to demonstrate his claims for asylum,

withholding of removal, and CAT relief.

The BIA initially affirmed the IJ's decision without opinion.  Lin then filed

a motion to reconsider, which the BIA denied after concluding that the IJ's

adverse credibility determination was not clearly erroneous.  In addition to the

omissions and inconsistencies in Lin's statements discovered by the IJ, the BIA

also found that Lin gave inconsistent explanations for his failure to report his

---

[1] Throughout the proceedings, Lin provided many inconsistent explanations for this omission:
(1) he was not asked specifically about his wife's sterilization; (2) he was asked about and reported
the forcible sterilization, but the translator did not relay the message to the asylum officer; (3) he
could not remember what questions the officer asked; and (4) he was merely "ignorant" of what to
say.

wife's forcible sterilization in the initial credible-fear interview. The BIA further pointed out that Lin had provided inconsistent dates for the sterilization procedure and for the imposition of fines. Each of these findings supported the IJ's conclusion that Lin lacked credibility.

On appeal, Lin argues that the BIA's adverse credibility finding is unsupported by substantial evidence and is therefore an abuse of discretion. Lin also claims the BIA violated his due process rights by finding inconsistencies in his statements about his wife's sterilization that the IJ did not mention specifically and by not allowing Lin a sufficient opportunity to explain these inconsistencies.

We review the BIA's denial of a motion for reconsideration for an abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1340-41 (11th Cir. 2003).[2] "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Avalos v. U.S. Att'y Gen., 2006 WL 2567603 (11th Cir. Sept. 7, 2006) (citation and internal quotations omitted). To prevail on a due process claim, an alien must demonstrate that he

---

[2] Lin's petition for review of the BIA's initial summary affirmance of the IJ's decision was untimely and was dismissed for lack of jurisdiction. Here, we review only the BIA's denial of Lin's motion for reconsideration. Therefore, contrary to Lin's attempts to combine the applicable standards of review, we review the BIA's denial of the motion for reconsideration only for an abuse of discretion rather than determining whether the BIA's initial summary affirmance was supported by substantial evidence.

4

was deprived of due process of law and that the alleged errors caused him substantial prejudice.  Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003).

The BIA's denial of Lin's motion for reconsideration was not an abuse of discretion because the BIA made no legal or factual errors in affirming the IJ's decision.  The record does show that Lin provided inconsistent explanations for his failure to mention his wife's sterilization, which supports the IJ's determination that Lin likely was not being truthful in labeling the sterilization as forcible rather than voluntary.  Lin also misstated the date of sterilization as being much sooner after the birth of his second child than the record reflects.  These findings of the BIA, as well as those made by the IJ, support the determination that Lin was not credible.

Lin's claim that his due process rights were violated because he was not given a sufficient opportunity to explain these additional discrepancies also fails.  The IJ gave Lin full opportunity to explain the merits of his claims as well as his past statements -- especially those statements about his initial failure to mention his wife's sterilization.  That the BIA identified further inconsistencies in Lin's explanations did not affect his right to be heard on the merits of his requests for asylum, withholding of removal, or CAT relief.  Due process simply does not

require the BIA to provide Lin with continuous opportunities to correct inconsistencies in his past statements until his story becomes consistent.

**PETITION DENIED.**