[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13744
Non-Argument Calendar

_____

BIA Nos. A79-505-927 & A79-505-928

LINA ROCIO OSORIO,
DANIEL ALBERTO PARRA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 8, 2007)**

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Colombian natives and citizens Lina Rocio Osorio and her husband, Daniel Alberto Parra, petition for review of the decision of the Board of Immigration Appeals ("BIA") denying their motion to reconsider its previous decision dismissing their appeal from the Immigration Judge's ("IJ") order of removal and denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Osorio and Parra challenge both of the BIA's orders on the ground that the IJ's decision was in error, as they established eligibility for asylum and withholding of removal due to persecution by the Revolutionary Armed Forces of Colombia ("FARC"). The government argues that we lack jurisdiction to review the BIA's decision on the petitioners' appeal from the IJ's order because the petition for review is untimely. For the reasons set forth more fully below, we dismiss the petition, in part, and deny the petition, in part.

As an initial matter, to the extent that the petitioners challenge the BIA's initial order dismissing their appeal, we lack jurisdiction. We review subject-matter jurisdiction de novo. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1373 (11th Cir. 2006). In order to review a final order of removal, the petition for review must be filed no later than 30 days after the date of the order. 8 U.S.C. § 1252(a)(1), (b)(1), INA § 242(a)(1), (b)(1). "[T]he statutory limit for filing a petition for

review in an immigration proceeding is 'mandatory and jurisdictional,' [and, therefore,] it is not subject to equitable tolling." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quoting Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995)). The finality of a removal order is not affected by the filing of a motion to reconsider. Stone, 514 U.S. at 405, 115 S.Ct. at 1549.

The BIA's April 13, 2006 order, which affirmed the IJ's decision, was a final order of removal. See 8 C.F.R. § 1241.1(a). Because the petitioners did not file their petition for review until July 7, 2006, more than 30 days later, their petition was not timely and, therefore, we lack jurisdiction to address the merits of the BIA's decision affirming the IJ's denial of the petitioners' request for asylum, withholding of removal, and CAT relief. See 8 U.S.C. § 1252(b)(1); Dakane, 399 F.3d at 1272 n.3; Stone, 514 U.S. at 405, 115 S.Ct. at 1549. However, as the petition for review is timely as to the BIA's denial of reconsideration, we have jurisdiction to review that order. See 8 U.S.C. § 1252(b)(1); Dakane, 399 F.3d at 1272 & n.3.

We review the denial of motions to reconsider for abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). A motion for reconsideration "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C), INA

3

§ 240(c)(6)(c); see also 8 C.F.R. § 1003.2(b)(1) (same). "A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

When denying the motion to reconsider, the BIA found that it had considered the arguments made in the motion before it rendered its initial decision and declined to revisit them. The petitioners do not challenge the BIA's finding that it considered the arguments made in their motion when it decided their appeal from the IJ's decision. Instead, their claim of error is premised on generalized arguments as to the merits of their application for asylum and withholding of removal. A review of the petitioners' notice of appeal, brief to the BIA, and motion for reconsideration shows that the petitioners' arguments in their motion for reconsideration were not substantively different than their previous arguments. In both instances, the petitioners argued that the evidence demonstrated that they had suffered past persecution by the FARC, had a well-founded fear of future persecution, and could not internally relocate within Colombia or return there because of a threat to their lives. The only law cited in the petitioners' motion for reconsideration was our decision in Arboleda v. U.S. Attorney General, 434 F.3d 1220 (11th Cir. 2006), which formed the basis for their argument that they could not internally relocate. However, in its initial decision, the BIA had relied on

4

Arboleda to reject the IJ's finding that the petitioners could relocate internally. Under these circumstances, we hold that the BIA did not abuse its discretion by denying the petitioners' motion to reconsider because the BIA already found in the petitioners' favor with respect to their claim of legal error as to the IJ's internal relocation finding and the petitioners otherwise merely reargued the merits of their already-rejected claims.

In light of the foregoing, the petition for review is

**DISMISSED, IN PART, AND DENIED, IN PART.**