# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-2620

NURADIN AHMED,

*Petitioner,*

*v.*

JOHN ASHCROFT, Attorney General of the United States,

*Respondent.*

_____

Petition to Review an Order of the
Board of Immigration Appeals.
No. A 77 654 519

_____

ARGUED OCTOBER 1, 2004—DECIDED OCTOBER 26, 2004

_____

Before FLAUM, *Chief Judge,* and BAUER and POSNER, *Circuit Judges.*

POSNER, *Circuit Judge.* An immigration judge ordered Nuradin Ahmed removed (deported). He appealed to the Board of Immigration Appeals, which affirmed without an opinion. Rather than petition for judicial review Ahmed moved the Board to reconsider its decision. 8 C.F.R. § 1003.2(b). The motion was materially identical to the brief he had filed in his appeal to the Board. The Board denied the motion on the ground that Ahmed "failed to specifically identify any error, either factual or legal, in our prior

decision, and instead reiterates arguments already considered by this Board. Therefore, we decline to reconsider our prior decision." Ahmed asks us to reverse the denial of reconsideration. It is much too late for him to ask us to reverse the Board's original order, affirming the immigration judge; the filing of a motion for reconsideration does not toll the time for seeking judicial review of the order of which reconsideration is sought. *Stone v. INS*, 514 U.S. 386 (1995); *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 542-43 (9th Cir. 2004); *De Jimenez v. Ashcroft*, 370 F.3d 783, 788-89 (8th Cir. 2004); *Zhang v. INS*, 348 F.3d 289, 292 and n. 2 (1st Cir. 2003); cf. *Patel v. Ashcroft*, 378 F.3d 610, 612 (7th Cir. 2004).

The Board's explanation for denying the petition for reconsideration leaves something to be desired; indeed, it appears to be a piece of boilerplate mindlessly affixed to a case to which it's irrelevant. The Board having affirmed the immigration judge without issuing an opinion and thus without giving any reason for its action, Ahmed could hardly have "specifically identif[ied] any error, either factual or legal, in [the Board's] prior decision [i.e., the affirmance of the immigration judge]," other than to repeat the arguments in his appeal brief. Maybe the Board meant by its "prior decision" the immigration judge's decision. But, if so, it was mistaken. Although it had affirmed that decision without issuing an opinion and by doing so had, as it stated in its order, made his decision the "final agency determination," this was not an adoption of the immigration judge's decision. "Such an order approves the result reached in the decision below; it does not necessarily imply approval of all of the reasoning of that decision, but does signify the Board's conclusion that any errors in the decision of the immigration judge or the Service were harmless or nonmaterial." 8 C.F.R. § 1003.1(e)(4)(ii).

Despite the Board's bobble, no useful purpose would be served by vacating the denial of reconsideration and re-

manding the case for further consideration. As it was and is obvious that the motion for reconsideration would be denied, the Board's error in articulating the ground for denial was harmless.

To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind. Such a motion "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *In re Cerna*, 20 I. & N. Dec. 399, 402 n. 2 (BIA 1991); see also *Zhang v. INS, supra*, 348 F.3d at 293. Therefore it "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1).

This is not a special rule for immigration cases; it is the rule governing motions for reconsideration in general. A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind. It's as if the movant, when he appealed, had filed two copies of his appeal brief, and when his appeal was rejected asked us to read the second copy. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "The repetition of previous arguments is not sufficient to prevail." *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 165 n. 9 (1st Cir. 2004).

Ahmed has made no effort to convince us that the Board of Immigration Appeals acted unreasonably in denying the petition for reconsideration. His brief reads as if the order that he is asking us to review were not the denial of re-

consideration but instead the original order affirming the immigration judge's removal order. In other words, the petitioner is using the motion for reconsideration as a vehicle for a belated appeal from the order of removal. This is improper, especially since the 30-day deadline for filing a petition to review orders by the Board of Immigration Appeals is jurisdictional, *Sankarapillai v. Ashcroft*, 330 F.3d 1004 (7th Cir. 2003) (per curiam); *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (per curiam); *Malvoisin v. INS*, 268 F.3d 74, 75-76 (2d Cir. 2001), indicating a strong legislative policy of discouraging untimely appeals. And remember that the filing of a motion for reconsideration does not toll the time for seeking judicial review of the original order.

At oral argument Ahmed's lawyer suggested that the basis for the motion for reconsideration was the Board's action in affirming the immigration judge's removal order without any statement of reasons. But it is quite common for an appellate tribunal to affirm the decision of the first-line adjudicator without issuing an opinion explaining its reasons. There is no impropriety in a "blind" affirmance, especially by a tribunal such as the Board of Immigration Appeals that is overwhelmed by cases. And so there is no basis for reconsideration of such a decision unless there has been a change in law or material new evidence not reasonably discoverable earlier has come to light, though in the case of an affirmance that is accompanied by an opinion another possible basis of reconsideration is that the opinion shows that the tribunal misunderstood the facts, or the issues, or the parties' arguments.

Ahmed might have argued that because the decision that he is asking us to reconsider was a blind affirmance, he is perforce limited to pointing out the errors in the decision that the tribunal affirmed. That is incorrect; for something

might have happened after the affirmance to warrant recon-
sideration. *Patel v. Ashcroft, supra*, 378 F.3d at 612; *Nunes
v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004); *Ciralsky
v. CIA*, 355 F.3d 661, 671-72 (D.C. Cir. 2004); *Virgin Atlantic
Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255
(2d Cir. 1992); *In re Cerna, supra*, 20 I. & N. Dec. at 402 n. 2;
*Board of Immigration Appeals Practice Manual* § 5.7(a), p. 77
(2004); 11 James Wm. Moore, *Moore's Federal Practice*
§ 56.30[8][e] (3d ed. 2004). (If, however, new *facts* come to
light after the time to appeal a decision by the Board of
Immigration Appeals has expired, the proper vehicle for
reconsideration is a motion to reopen, corresponding to a
motion to vacate judgment under Fed. R. Civ. P. 60(b)(2) in
an ordinary civil case, rather than a motion for reconsider-
ation. 8 C.F.R. § 1003.2(c)(1).) That is to be distinguished
from a case in which all the grounds for a possible appeal
were available to the losing party when the case was de-
cided against him. *Zhang v. INS, supra*, 348 F.3d at 293; *Bally
Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).
In such a case it makes no sense for the party to forgo an ap-
peal and instead file a motion for reconsideration, especially
since review of the denial of a motion for reconsideration is
highly deferential. *Dandan v. Ashcroft*, 339 F.3d 567, 575 (7th
Cir. 2003); *Tittjung v. Reno*, 199 F.3d 393, 396 (7th Cir. 1999);
*Hossain v. Ashcroft*, 381 F.3d 29, 31 (1st Cir. 2004). (This again
is the standard rule rather than one limited to immigration
cases. E.g., *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368
(7th Cir. 2003); *Douglas v. York County*, 360 F.3d 286, 290 (1st
Cir. 2004).)

What is true is that a blind affirmance gives the losing
party less of a hook on which to hang a motion for reconsid-
eration because he cannot point to errors made in an opin-
ion, just as a jury's general verdict provides less of a hook
on which to hang an appeal than a judge's findings of fact
and conclusions of law issued pursuant to Fed. R. Civ. P.

52(a). That is no reason to permit a losing party to refile his brief on appeal as a motion for reconsideration and take an appeal from that denial months or even years after the time for appealing the decision sought to be reconsidered had expired. See *Zhang v. INS*, *supra*, 348 F.3d at 293. To permit that tactic to succeed would wreak havoc with the deadlines for seeking judicial review of agency action. We call it a "tactic," but no doubt it is more often a consequence of attorney error. The attorney accidentally allowed the time to appeal to expire; or he had decided originally that there was no ground for an appeal but later thought better of his decision. These may be forgivable mistakes. But jurisdictional limitations are unforgiving.

It is true that "a motion for reconsideration, even if it raises no new grounds but 'simply rehashes arguments heard at trial', may be made under Rule 59(e)." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984). But this is because a timely motion under *that* rule, but not under the corresponding rule for immigration appeals, tolls the time for appealing. The Rule 59(e) movant doesn't have to choose between the appeal route and the reconsideration route. But Ahmed had to choose, because his motion for reconsideration did not toll the time for appealing. Since an appellate court is more likely to correct an error than the tribunal that made the error is (human nature being what it is), it does not make any sense to forgo an appeal in favor of a motion for reconsideration in a pure "rehash" case such as this.

All this is not to say that the Board lacks jurisdiction to reconsider a decision on the basis of a motion to reconsider that consists simply of the movant's original appeal brief. Like any tribunal it can reconsider its decisions within a reasonable time even if no one asks it to and there has been no change in law or other compelling ground for reconsider-

ation. 8 C.F.R. § 1003.2(a); *Lucacela v. Reno*, 161 F.3d 1055, 1058-59 (7th Cir. 1998); *United States v. Emenogha*, 1 F.3d 473, 479 (7th Cir. 1993); *Hemstreet v. Greiner*, 378 F.3d 265, 268-69 (2d Cir. 2004); *Cole v. U.S. District Court*, 366 F.3d 813, 823 n. 14 (9th Cir. 2004). But it is not required to; no more is it required to grant a motion for reconsideration that merely "rehash[es] previously rejected arguments or argu[es] matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc., supra*, 90 F.3d at 1270; see also *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1212-13 (10th Cir. 2001); *Derrington-Bey v. District of Columbia Dept. of Corrections*, 39 F.3d 1224, 1226-27 (D.C. Cir. 1994).

The petition to review the denial of the petition for reconsideration is therefore

DENIED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*