UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1072

GERARD COMPAORE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-546-792)

Submitted: June 27, 2005          Decided: July 26, 2005

Before WILKINSON and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gerard Compaore, a native and citizen of Burkina Faso, petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion the immigration judge's order denying his requests for asylum, withholding of removal, and protection under the Convention Against Torture and an order of the Board denying his motion for reconsideration. We deny his petition.

We note that Compaore's challenges to the underlying decision of the immigration judge, as affirmed by the Board without opinion, are not properly before the court because he did not file a timely petition for review of the Board's decision. See 8 U.S.C. § 1252(b)(1) (2000); Stone v. I.N.S., 514 U.S. 386, 405 (1995) (noting the time limit is "mandatory and jurisdictional"). Compaore's petition is timely only as to the denial of his motion for reconsideration.

This court reviews the Board's decision to grant or deny a motion to reconsider for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992); see 8 C.F.R. § 1003.2(a) (2005). A motion for reconsideration asserts that the Board made an error in its earlier decision and requires the movant to specify the error of fact or law in the prior Board decision. See 8 C.F.R. § 1003.2(b)(1) (2005); Matter of Cerna, 20 I. & N. Dec. 399, 402 (BIA 1991) (noting that a motion to reconsider questions a decision for

alleged errors in appraising the facts and the law). The burden is on the movant to establish that reconsideration is warranted. INS v. Abudu, 485 U.S. 94, 110 (1988). "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004). Motions that simply repeat contentions that have already been rejected are insufficient to convince the Board to reconsider a previous decision. Id. We find that the Board did not abuse its discretion in denying Compaore's motion to reconsider.

Accordingly, we deny Compaore's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED