[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16336
Non-Argument Calendar

_____

Agency No. A79-349-805

SANDRA MILENA GARZON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review from a Final Order
of the Board of Immigration Appeals

_____

(August 19, 2005)

Before ANDERSON, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Sandra Milena Garzon, a citizen of Colombia, petitions through counsel for review of the order of the Board of Immigration Appeals denying her motion to reconsider its earlier decision. In its previous order, the BIA had affirmed the immigration judge's denial of her application for asylum and withholding of removal under the Immigration and Naturalization Act and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, and Degrading Treatment or Punishment (CAT).

We review the BIA's denial of a motion to reconsider for abuse of discretion. Assa'ad v. U.S. Attorney Gen., 332 F.3d 1321, 1341 (11th Cir. 2003); see also 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reconsider is within the discretion of the [BIA] . . . ."). A motion to reconsider must set forth either an error of law or an error of fact in the prior BIA decision, and must be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1). Garzon's motion to reconsider failed to set forth any error in the BIA's previous order. Instead, it simply restated her argument that her mother had been granted asylum based on the same facts she alleged, an argument that both the BIA and the IJ had previously considered and rejected. Therefore, the BIA did not abuse its discretion by denying Garzon's motion to reconsider.

In her brief, Garzon also challenges the BIA's first order, in which it affirmed the denial of her claims for asylum, withholding of removal, and relief under CAT.

We do not consider this challenge because it is not properly before us. Garzon did not file a timely petition for review of the BIA's final order of removal or its rejection of her additional evidence. A petition for review must be filed no later than thirty days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1). Here, the BIA's first order was entered on August 31, 2004, and Garzon's petition for review was not filed until December 6, 2004, more than three months later. It makes no difference that Garzon filed a motion for reconsideration. That does not toll the time for seeking judicial review of the final order of removal. Ahmed v. Ashcroft, 388 F.3d 247, 248 (7th Cir. 2004); see also Stone v. INS, 514 U.S. 386, 115 S. Ct. 1537 (1995).

PETITION DENIED.