**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 6, 2005[*]
Decided December 14, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-2135

| | | |
|---|---|---|
| MINGSHUI LI, | | Petition for Review of an Order of |
| | *Petitioner*, | the Board of Immigration Appeals |
| | | |
| v. | | No. A78-973-297 |
| | | |
| ALBERTO R. GONZALES, | | |
| | *Respondent*. | |

**ORDER**

Mingshui Li, a native of China, sought asylum, withholding of removal, and relief under the Convention Against Torture on the ground that he suffered past persecution for assisting Falun Gong members and, if returned to China, would face incarceration and torture. The Immigration Judge denied Li's request, finding Li not credible, and the Board of Immigration Appeals affirmed without opinion. Instead of petitioning for judicial review, Li filed what he titled a "motion to reopen" with the Board. In his motion, Li reasserted the arguments raised on appeal to the Board, adding only a generalized claim that the Board erred when it summarily affirmed the IJ's decision. The Board construed this filing as a motion to reconsider

---

[*] The parties waived oral argument in this case; therefore the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(f).

and denied it because it "fail[ed] to establish any error of fact or law in our prior decision." The Board also rejected Li's argument that it erred by summarily affirming the IJ's decision. Li then petitioned for review of that denial.

Li challenges the Board's denial of his motion to reconsider, arguing that the Board abused its discretion when it "refused to revisit the case even though the Petitioner specified the errors of fact or law in the BIA's prior decision." Without developing or clarifying this argument, Li then baldly asserts that "[p]etitioner has a credible fear of persecution" and "[h]e would face persecution in the event he is removed back to China." Hence, it appears that Li would like us to review the IJ's denial of asylum and the Board's summary affirmance.

We do not have jurisdiction to review the IJ's decision or the Board's initial order because Li petitioned for review only of the Board's order denying his motion to reconsider. Moreover, although Li now asserts that his motion to reconsider tolled the time for him to seek review of the underlying orders, a motion to reconsider "does not toll the time for seeking judicial review of the order of which reconsideration is sought." *Ahmed v. Ashcroft*, 388 F.3d 247, 248 (7th Cir. 2004); *see Stone v. INS,* 514 U.S. 386, 405 (1995). We therefore confine our review to the Board's denial of Li's motion to reconsider. *Stone*, 514 U.S. at 405; *Ahmed*, 388 F.3d at 248.

The Board was entitled to deny Li's motion to reconsider without reaching the merits because the motion merely rehashed arguments that the Board had previously considered and rejected. *See Joshi v. Ashcroft,* 389 F.3d 732, 735 (7th Cir. 2004). A motion to reconsider is a request that the Board reexamine its decision "in light of additional legal arguments, a change of law, or an argument that was overlooked earlier." *Hernandez-Baena v. Gonzales*, 417 F.3d 720, 724 (7th Cir. 2005) (internal quotation and citation omitted). Petitioner must do more than simply rehash previously rejected arguments or raise matters that the Board could have heard during the pendency of the initial motion. *Ahmed*, 388 F.3d at 249. Li's motion to reconsider was materially identical to the brief he filed on appeal to the Board with one exception: his motion to reconsider argued that the Board erred when it affirmed the IJ's decision without separate opinion. Although Li does not challenge the Board's rejection of this argument here, we have instructed that "[t]here is no impropriety in a 'blind' affirmance," by an appellate tribunal. *Ahmed*, 388 F.3d at 249. In addition, Li continues to try to challenge the IJ's underlying denial of asylum, but that denial is no longer subject to review. *See id.* at 248. Thus the Board did not abuse its discretion in denying the motion to reconsider, and Li's petition for review is denied.