**Chang Lian SHAO, Petitioner,**

v.

**Alberto GONZALES,[1] Respondent.**

**No. 04–3378–AG.**

United States Court of Appeals, Second Circuit.

March 10, 2006.

Chang Lian Shao, for Petitioner, pro se.

Heather R. Phillips, Assistant United States Attorney (Madelyn E. Johnson, Assistant United States Attorney, on the brief), for Kenneth L. Wainstein, United

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales has been substituted for former Attorney General John Ashcroft as the respondent in this case.

States Attorney for the District of Columbia, Washington, DC, for Respondent.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, Circuit Judges and Hon. JANET BOND ARTERTON, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") be and hereby is **DENIED.**

Petitioner appeals from a June 2, 2004 order of the BIA denying his motion for reopening or reconsideration of the BIA's March 17, 2003 order affirming an Immigration Judge's ("IJ") denial of his application for asylum and other relief. We assume familiarity with the facts of this case, its procedural history, and the issues on appeal.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir. 2004). "The statutory framework governing asylum proceedings does not provide for motions to reopen or reconsider, and the right to make such motions depends entirely on the administrative regulations." *Kaur,* 413 F.3d at 234 (internal quotation omitted).

A motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

Petitioner offered no new evidence that was material to the adverse credibility finding that underlay the IJ's denial of his asylum application. Therefore, the Board did not abuse its discretion in denying his motion to reopen.

A motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Petitioner did not specify any particular error of fact or law in the March 17, 2003 decision. Instead, he presented several new arguments attacking the IJ's adverse credibility finding. On appeal, he argues that a motion to reconsider is "by definition, an assertion of legal error" in the BIA's previous decision, and that any such motion thus satisfies the regulatory requirement. He further argues that the BIA is required to explain why it believes the newly raised arguments do not change the outcome. We disagree.

The BIA is not required to explain itself in great detail when it declines to grant a motion for reconsideration that is based on arguments that could have been made in the original appeal. *See Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir.2004) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.") (citation and internal quotation marks omitted); *Zhang v. INS,* 348 F.3d 289, 293 (1st Cir.2003) (BIA gave sufficiently "rational explanation" to meet abuse of discretion standard by stating "that it denied the motion because it raised previously undeveloped arguments"). Moreover, if we gave close scrutiny to the BIA's denial of a motion for

* The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

reconsideration that simply claims that the BIA's original opinion was wrongly decided, we would be essentially allowing an untimely appeal of the original opinion. *Cf. Ahmed*, 388 F.3d at 249; *Boudaguian v. Ashcroft*, 376 F.3d 825, 828 (8th Cir. 2004).

Accordingly, petitioner's other arguments having been considered and rejected, the petition for review is **DENIED**.