UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 31, 2006[*]
Decided May 31, 2006

**Before**

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4082

| | |
|---|---|
| YONG GUI DONG,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals |
| v. | No. A70-580-604 |
| ALBERTO GONZALES,<br>    *Respondent*. | |

# O R D E R

Yong Gui Dong, a native of China, petitions for review of an order of the Board of Immigration Appeals refusing to reconsider its denial of his second motion to reopen his removal proceedings.  We deny the petition.

Dong arrived in the United States in 1992 and sought asylum, withholding of removal, and relief under the Convention Against Torture, claiming that he suffered past persecution when the Chinese government forced his then-girlfriend

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

to abort their child. Following a removal hearing in 2001, an immigration judge denied Dong's request, finding Dong incredible, and the Board of Immigration Appeals affirmed without opinion. Dong did not petition for judicial review. Instead Dong filed a motion to reopen with the Board, asserting that he feared persecution if removed to China because, since the 2001 hearing, he had married, had a child, and wished to have more children. The Board denied Dong's motion on the ground that he failed to show he would be persecuted upon return to China for having one child born abroad. Dong did not petition for review but filed a motion to reconsider, which the Board denied. Several years later, Dong filed a second motion to reopen. This time he claimed that he feared persecution if removed to China because he and his wife now had two children and wished to have more. The Board denied this second motion to reopen as number-barred under 8 C.F.R § 1003.2(c)(2).

A few months later Dong wrote a letter to the Board, asking that it reconsider his case because "there are changes in my personal circumstance that may affect my asylum eligibility." He then reiterated the facts contained in his second motion to reopen: he and his wife had a second child and wished to remain in the United States so that they could have more. The Board construed Dong's letter as a motion to reconsider its denial of Dong's second motion to reopen and, finding "no error of fact or law warranting reconsideration," denied the motion.

Dong now petitions this court for review of that denial as well as all underlying orders. He asserts that he "disagree[s]" with the Board's denial of his motion to reconsider and repeats verbatim the facts he presented to the Board in his second motion to reopen. He also says that "I do not have a non-frivolous asylum case" and requests that we either remand the case for a new asylum hearing or "directly grant asylum."

We may review only the Board's denial of Dong's motion to reconsider its earlier denial of his second motion to reopen. A petition for review must be filed within 30 days of the decision to be reviewed. 8 U.S.C. § 1252(b)(1); *Asere v. Gonzales*, 439 F.3d 378, 380 (7th Cir. 2006). Dong filed his petition on October 24, 2005, and the only order issued within the preceding 30 days was the Board's denial of his second motion to reconsider. We therefore confine our review to whether Dong gave the Board reason to reconsider its denial of his second motion to reopen. *See, e.g., Rehman v. Gonzlaes*, 441 F.3d 506, 508 (7th Cir. 2006); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004).

The Board was entitled to deny Dong's motion to reconsider because it merely rehashed arguments the Board had previously considered and rejected. *See Ahmed*, 388 F.3d at 249. A motion to reconsider is a request that the Board reexamine its decision "in light of additional legal arguments, a change of law, or an argument that was overlooked earlier." *Hernandez-Baena v. Gonzales*, 417 F.3d 720, 724 (7th

Cir. 2005) (internal quotation and citation omitted). Petitioner must do more than simply repeat previously rejected arguments or raise matters that the Board could have heard during the pendency of the initial motion. *Ahmed*, 388 F.3d at 249. But Dong's motion to reconsider, much like his petition to this court, was materially identical to his second motion to reopen. He pointed to no new law and made no new legal arguments.

Dong also challenges in general terms the IJ's underlying denial of asylum as well as the Board's subsequent orders denying asylum and refusing to reopen the case. But we lack jurisdiction to consider the underlying decisions of the Board and IJ because Dong did not timely petition this court for review. *See id.* at 248.

For the foregoing reasons, the Board did not abuse its discretion in denying Dong's motion to reconsider its denial of his second motion to reopen. Dong's petition for review is DENIED.