[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 12, 2007
THOMAS K. KAHN
CLERK

No. 06-14218
Non-Argument Calendar

_____

Agency No. A96-007-523

WEN LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 12, 2007)

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Wen Lin, a native and citizen of China, petitions this Court for review of an

order from the Board of Immigration Appeals denying her motion to reconsider its previous order dismissing her appeal and affirming the Immigration Judge's denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture. Because Lin has failed to show that the BIA made any errors of fact or law, we deny her petition.

On September 23, 2002, Lin entered the United States by airplane without proper documentation. That same day the Department of Homeland Security issued her a notice to appear, alleging that she was subject to removal under INA § 212(a)(7)(A)(i)(I) as an alien seeking entry into the United States without a valid entry document. The DHS further alleged that Lin's status as a minor without any visible means of support made it likely that she would become a public charge.

Lin conceded removability and applied for asylum, withholding of removal, and CAT relief based on her claims of religious persecution. Lin asserted that she had been persecuted in China because of her religious beliefs and activities, and she feared that if she returned to China she would be jailed or tortured, or both. Lin maintains that she was beaten and briefly jailed after she and some of her friends attempted to stop Chinese officials from tearing down their church meetinghouse. According to Lin, she was released after she promised not to participate in any more non-state-sponsored religious activities. But Lin stated that she began organizing non-state-sponsored religious activities soon after her

release, and consequently, Chinese officials sought to arrest her again. Instead of waiting for state authorities to incarcerate her, Lin decided to flee China for the United States, traveling through Laos, Thailand, an "unknown" South American country, and Venezuela before flying into Miami, Florida, where she was discovered by DHS officers.

At an August 2004 hearing, an IJ denied Lin's asylum application and entered an order finding her removable under the INA. In his order, the IJ outlines numerous deficiencies in Lin's evidence. Those deficiencies included: (1) material inconsistencies between Lin's in-court testimony, her statements to DHS officers, and her asylum application; (2) Lin's vague and inadequate explanation of how the Chinese government learned of her religious activities and why they sought to punish her for those activities; (3) Lin's implausible account of how she acquired the funds necessary to travel to the United States; (4) Lin's failure to explain why she did not remember the name of one of the countries she had traveled through en route to the United States; (5) Lin's failure to apply for asylum in any of those countries; (6) Lin's use of a forged Taiwanese passport to travel from Venezuela to Miami; (7) the fact that a letter from the director of Lin's Catholic Parish did not corroborate in any way Lin's assertion that the Chinese government imprisoned and tortured her after she allegedly tried to stop Chinese authorities from destroying a Church building; (8) Lin's failure to authenticate a purported notice

3

from the Chinese government ordering Lin to surrender to the authorities because of her religious activities; and (9) the fact that Lin's parents still live in China and have not been persecuted by the Chinese government since Lin's departure. Based on those inconsistencies and implausibilities, the IJ denied Lin's application for asylum and ordered her removal.

In January 2006, Lin appealed the IJ's decision to the BIA, and the BIA dismissed her appeal for substantially the same reasons articulated by the IJ. In February 2006, Lin filed a motion for the BIA to reconsider its decision, but the BIA denied that motion in May 2006. In denying that motion, the BIA issued a brief written order explaining that Lin had not established that its first order contained an error of fact or law and further noted that Lin had not offered any additional arguments that would justify reconsideration of the its previous decision.

On appeal, Lin contends that the BIA abused its discretion in denying her motion to reconsider. Specifically, Lin argues that the record does not support the BIA's adverse credibility findings and that the BIA erred by not "meaningfully explaining" why it would not reconsider appeal. The government counters that the BIA was correct to deny Lin's motion for reconsideration because her motion did not raise any new issues of law or fact that were not addressed by the BIA's first order.

We review the BIA's denial of a motion to reconsider for abuse of

4

discretion. Assa'ad v. United States Attorney Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). We limit our review to determining (1) whether the agency has exercised its administrative discretion and (2) whether that exercise was arbitrary or capricious. Abdi v. United States Attorney Gen., 430 F.3d 1148 (11th Cir. 2005).[1]

A petitioner's motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). "A motion to reconsider asserts that at the time of the [BIA]'s previous decision an error was made." Matter of Cerna, 20 I. & N. Dec. 399, 402 (BIA 1991). When the BIA reconsiders one of its prior decisions, it takes itself "back in time and consider[s] the case as though a decision in the case on the record . . . had never been entered." Id. However, "[a] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (persuasive authority). Therefore, merely reiterating arguments previously presented to the BIA does not constitute "specifying errors of fact or law" as required for a

---

[1] Because Lin has not argued to us that the BIA erred in denying her motion to reopen, she has waived the issue. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1283 n.12 (11th Cir. 2001) (stating that issues not argued in the initial brief on appeal are deemed abandoned). Therefore, we will not address Lin's motion to reopen and will focus solely on her motion to reconsider.

successful motion to reconsider. 8 C.F.R. § 1003.2(b)(1).

Here, Lin's motion to reconsider merely reiterated the arguments she raised in her initial appeal to the BIA. For instance, in her motion to reconsider she disputed the IJ's findings that the letter from her parishioner did not support her asylum application, and she rejected the IJ's finding that there were inconsistencies between her in-court testimony, her asylum application, and her statements to DHS officers. The BIA considered but was not persuaded by those arguments in Lin's original appeal. A simple recitation of those rejected arguments gave the BIA no reason to reconsider its prior decision. See 8 C.F.R. § 1003.2(b)(1); Ahmed, 388 F.3d at 249. Further, there is no requirement that the BIA provide a detailed explanation of why it chose to deny Lin's motion for reconsideration, especially where Lin's motion did not include any new legal arguments. Accordingly, the BIA did not abuse its discretion in denying Lin's motion to reconsider.

**PETITION DENIED.**