**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-2164**

———————

CHRISTOPHER ARLANDO NEWMAN,

Petitioner,

versus

ALBERTO R. GONZALES, U. S. Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A75-843-593)

———————

Submitted: March 19, 2007        Decided: March 29, 2007

———————

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Marc Seguinót, SEGUINÓT & ASSOCIATES, P.C., McLean, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Kelly J. Walls, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Arlando Newman, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reconsider. We review the Board's decision to grant or deny a motion to reconsider for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992); see 8 C.F.R. § 1003.2(a) (2006). A motion for reconsideration asserts that the Board made an error in its earlier decision, Turri v. INS, 997 F.2d 1306, 1311 n.4 (10th Cir. 1993), and requires the movant to specify the error of fact or law in the prior Board decision. 8 C.F.R. § 1003.2(b)(1) (2006); Matter of Cerna, 20 I. & N. Dec. 399, 402 (BIA 1991) (noting that a motion to reconsider questions a decision for alleged errors in appraising the facts and the law). The burden is on the movant to establish that reconsideration is warranted. INS v. Abudu, 485 U.S. 94, 110 (1988). "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004). Motions that simply repeat contentions that have already been rejected are insufficient to convince the Board to reconsider a previous decision. Id.

We find the Board did not abuse its discretion in finding that Newman's conviction for unlawful conversion of merchandise was a crime of moral turpitude. We further find the Board did not

abuse its discretion in finding that the immigration judge specified the charges for which he was ordered removed. In addition, the immigration judge's failure to rule on other charges of removability was harmless error.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED