UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1926

AMARE ZELEKE HABTEMARIAM,

              Petitioner,

        v.

MICHAEL B. MUKASEY, Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  May 14, 2008            Decided:  June 17, 2008

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Oti W. Nwosu, THE LAW OFFICE OF OTI W. NWOSU, Arlington, Virginia, for Petitioner.  Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, William C. Minick, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amare Zeleke Habtemariam, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reconsider the denial of his motion to reopen. We deny the petition for review.

We review the Board's decision to deny a motion to reconsider for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992); see 8 C.F.R. § 1003.2(a) (2007). A motion for reconsideration asserts that the Board made an error in its earlier decision, Turri v. INS, 997 F.2d 1306, 1311 n.4 (10th Cir. 1993), and requires the movant to specify the error of fact or law in the prior Board decision. 8 C.F.R. § 1003.2(b)(1) (2007); Matter of Cerna, 20 I. & N. Dec. 399, 402 (B.I.A. 1991) (noting that a motion to reconsider questions a decision for alleged errors in appraising the facts and the law). The burden is on the movant to establish that reconsideration is warranted. INS v. Abudu, 485 U.S. 94, 110-11 (1988). "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004). Motions that simply repeat contentions that have already been rejected are insufficient to convince the Board to reconsider a previous decision. Id.

We find the Board did not abuse its discretion. Habtemariam's motion to reconsider merely repeated his claims that

he was entitled to have his removal proceedings reopened because he had entered into a good faith marriage to a United States citizen and because of changed conditions in Ethiopia. He also failed to address the immigration judge's adverse credibility finding, which the Board had found was not clearly erroneous.

Accordingly, we deny Habtemariam's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -