**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1065

MAMOUDOU DIALLO; AISSATA LAMARANA DIALLO; AMADOU SADIO DIALLO,

Petitioners,

v.

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of Orders of the Board of Immigration Appeals.

Submitted: August 22, 2008      Decided: September 26, 2008

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Michael R. Lazerwitz, Jennifer Meyer Babounakis, Nicole Rothe, Kelly A. Rutan, CLEARY, GOTTLIEB, STEEN & HAMILTON, LLP, Washington, D.C., for Petitioners. Gregory G. Katsas, Acting Assistant Attorney General, Emily Anne Radford, Assistant Director, James A. Hunolt, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mamoudou Diallo ("Diallo"), his wife Aissata Diallo and their child, Amadou Sadio, natives and citizens of Guinea, petition for review of orders of the Board of Immigration Appeals ("Board") dismissing the appeal from the immigration judge's order denying the applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"), and denying the motions to reopen and to reconsider. Diallo was the primary applicant for relief and his family were derivative applicants. We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2008), and can establish refugee status based on past persecution in his native country on account of a

2

protected ground. 8 C.F.R. § 1208.13(b)(1) (2008). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Id., 371 F.3d at 187. The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer "specific, cogent reason[s]" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's

3

adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, however, it is not supported by substantial evidence. Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We find substantial evidence supports the immigration judge's and the Board's adverse credibility finding. We further find support for the finding that Diallo was intending to establish a home here in the United States prior to the event that allegedly led him to flee Guinea in fear of persecution. We also find the immigration judge's decision denying Diallo's application for relief under the CAT was supported by substantial evidence. In denying relief under the CAT, the immigration judge considered the adverse credibility finding as well as the background evidence.

4

We also review the Board's decision to grant or deny a motion to reconsider for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992); see 8 C.F.R. § 1003.2(a) (2008). A motion for reconsideration asserts that the Board made an error in its earlier decision, Turri v. INS, 997 F.2d 1306, 1311 n.4 (10th Cir. 1993), and requires the movant to specify the error of fact or law in the prior Board decision. 8 C.F.R. § 1003.2(b)(1) (2008); Matter of Cerna, 20 I. & N. Dec. 399, 402 (B.I.A. 1991) (noting that a motion to reconsider questions a decision for alleged errors in appraising the facts and the law). The burden is on the movant to establish that reconsideration is warranted. INS v. Abudu, 485 U.S. 94, 110 (1988). "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004). Motions that simply repeat contentions that have already been rejected are insufficient to convince the Board to reconsider a previous decision. Id.

We find no abuse of discretion in the Board's denial of Diallo's motion to reconsider. Diallo failed to show any error of fact or law supporting granting the motion. Likewise, we find the Board did not abuse its discretion in denying Diallo's motion to reopen. See 8 C.F.R. § 1003.2(a) (2008); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Nibagwire v. Gonzales, 450 F.3d 153, 156 (4th Cir. 2006). His newly discovered evidence did not address many of

5

the significant issues found by the immigration judge and the Board that prevented granting relief.  The Board's conclusion was not arbitrary, capricious or contrary to law.

Accordingly, we deny the petition for review.  We grant the motion to remove Mariama Diallo as a party to the petition.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>