UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1036**

JACOB RANJIT D'CRUZE,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals

Submitted:  June 3, 2010                Decided:  July 8, 2010

Before WILKINSON, MOTZ, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Steffanie J. Lewis, INTERNATIONAL BUSINESS LAW FIRM, P.C.,
Washington, D.C., for Petitioner.  Tony West, Assistant Attorney
General, Ernesto H. Molina, Jr., Assistant Director, Joanna L.
Watson, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacob Ranjit D'Cruze, a native and citizen of Bangladesh, petitions for review an order of the Board of Immigration Appeals ("Board") denying his motion to reconsider. We deny the petition for review.

This court reviews the denial of a motion to reconsider for abuse of discretion. Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006); Jean v. Gonzales, 435 F.3d 475, 483 (4th Cir. 2006); 8 C.F.R. § 1003.2(a) (2010). A motion to reconsider asserts an error in an earlier decision and requires the movant to specify the error of fact or law in the prior decision. Jean, 435 F.3d at 482-83; Matter of Cerna, 20 I. & N. Dec. 399, 402 (BIA 1991) (noting that a motion to reconsider questions a decision for alleged errors in appraising the facts and the law); 8 C.F.R. § 1003.2(b)(1) (2010).

The burden is on the movant to establish that reconsideration is warranted. INS v. Abudu, 485 U.S. 94, 110 (1988). "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

We find the Board did not abuse its discretion denying the motion to reconsider. The Board's decision in Matter of R-D-, 24 I. & N. Dec. 221 (BIA 2007) clearly controls D'Cruze's

2

circumstance. D'Cruze departed the United States when he entered Canada in contemplation of being granted refugee status in that country. He remained in Canada several years, was not detained and was permitted to move about the country. His re-entry into the United States without being admitted or paroled made him ineligible for adjustment of status. See 8 U.S.C. § 1255(a), (i) (2006).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED