**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-1600**

———————

ZU QUN LIN,

              Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  January 13, 2011      Decided:  February 17, 2011

———————

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Kim-Bun Thomas Li, LI LATSEY & GUITERMAN, PLLC, Rockville, Maryland, for Petitioner.  Tony West, Assistant Attorney General, Stephen J. Flynn, Assistant Director, Arthur L. Rabin, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zu Qun Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reconsider. We deny the petition for review.

The denial of a motion to reconsider is reviewed for abuse of discretion. 8 C.F.R. § 1003.2(a) (2010); Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006). A motion to reconsider asserts the Board made an error in its earlier decision. The movant must specify the error of fact or law in the Board's prior decision. See 8 C.F.R. § 1003.2(b)(1). The Board's broad exercise of discretion will be reversed only if its decision "lacked a rational explanation, departed from established policies, or rested on an impermissible basis." Jean, 435 F.3d at 483 (internal quotation marks and citations omitted).

The burden is on the movant to establish that reconsideration is warranted. INS v. Abudu, 485 U.S. 94, 110 (1988). "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004). Motions that simply repeat

2

contentions that have already been rejected are insufficient to support reconsideration of a previous decision. Id.

We conclude that the Board did not abuse its discretion in denying the motion to reconsider. To the extent Lin seeks review of issues that he could have put in his motion to reconsider but did not, this court lacks jurisdiction. 8 U.S.C. § 1252(d)(1) (2006); Massis v. Mukasey, 549 F.3d 631, 638-40 (4th Cir. 2008); see also Kporlor v. Holder, 597 F.3d 222, 228 (4th Cir.) ("The [Board] is entitled to an opportunity to correct any errors that may occur in immigration proceedings, and we lack jurisdiction unless it is given the chance to do so."), cert. denied, 131 S. Ct. 503 (2010). In addition, this court is without jurisdiction to review the Board's order dismissing the appeal from the immigration judge's decision because Lin did not file a timely petition for review from that order. See 8 U.S.C. § 1252(b)(1) (2006) (stating that the petition for review must be filed no later than thirty days after the date of the final order of removal). It is well-settled that the subsequent filing with the Board of a motion to reconsider does not toll the time for filing a petition for review in the Court of Appeals. See Stone v. INS, 514 U.S. 386, 394, 405-06 (1995).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED