**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2464
_____

JUAN CARLOS FLORES ZAVALA,
                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                            Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-778-123)
Immigration Judge:  Honorable Susan G. Roy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2011
Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(filed : April 21, 2011  )
_____

OPINION
_____

PER CURIAM

        Juan Carlos Flores Zavala petitions for review of a final order of removal as well

as the denial of his motion for reconsideration.  For the following reasons, we will deny

the petition for review.

Flores Zavala, a native and citizen of El Salvador, entered the United States in 2003. He was placed in removal proceedings pursuant to INA § 212(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. He conceded removability. Flores Zavala applied for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and, in the alternative, voluntary departure.

At his hearing in November 2008, Flores Zavala testified that he fears returning to El Salvador because he would be the target of gang activity. He testified that in 1998 he was threatened by three gang members who wanted his watch; one held a knife to Flores Zavala's stomach. He also stated that in 2002, three gang members armed with guns and knives robbed him and other passengers on a bus of their belongings, and that in 2003, he was repeatedly asked to join a gang and was given threatening looks when he refused. Flores Zavala also testified that one of his friends was killed by gang members in 2005, and another was blinded in one eye by gang members in 2008.

The IJ denied Flores Zavala's application for withholding of removal, but granted his request for voluntary departure.[1] The Board of Immigration Appeals ("BIA") dismissed his appeal from that order. The BIA stated that it need not address the IJ's adverse credibility determination because it found no error in the IJ's determination that

---

[1] Flores Zavala withdrew his application for asylum. He also waived his CAT claims because he indicated he had no fear of torture in El Salvador.

Flores Zavala failed to demonstrate past persecution or a clear probability of persecution on account of a protected ground. [2] The BIA also addressed Flores Zavala's argument that the IJ did not allow him to designate the particular social group to which he belonged and that he would have argued that the facts in his case are similar to those in Lukwago v. Ashcroft, 329 F.3d 157 (3d Cir. 2003), in that his particular social group is defined by shared past experiences. The BIA concluded that, even if Flores Zavala could show membership in such a social group, there was no indication that he was targeted or that he has a well-founded fear of persecution on account of that particular social group.

In August 2009, Flores Zavala filed a motion for reconsideration, arguing that, because he was not given an opportunity by the IJ to designate a particular social group, the BIA erred in concluding that he had not shown he was a member of a particular social group. On April 22, 2010, the BIA denied the motion for reconsideration. The BIA again rejected Flores Zavala's claim that the IJ did not provide him an opportunity to designate a particular social group. The BIA further stated that Flores Zavala made the same arguments on appeal, and that he did not cite any errors of law or fact in the BIA's

---

[2] The withholding of removal standard requires the applicant to show that future persecution is "more likely than not" to occur, which is a higher burden than that required to meet the asylum standard (well-founded fear of persecution). Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).

3

July 2009 decision.[3]  On May 24, 2010, Flores Zavala filed a petition for review of the BIA's April 2010 order denying his motion to reconsider, as well as the BIA's July 2009 order.

We have jurisdiction to review the BIA's denial of Flores Zavala's motion for reconsideration pursuant to 8 U.S.C. § 1252(a).  However, we lack jurisdiction to review the BIA's 2009 order because Flores Zavala did not file a timely petition for review of that order.  See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (30 days to file a petition for review); Stone v. Immigration & Naturalization Serv., 514 U.S 386, 405-06 (1995) (timely motion to reconsider does not toll running of filing period for review of underlying removal order).  Flores Zavala's petition for review was filed on May 24, 2010, within thirty days of the BIA's denial of his motion for reconsideration, but not within thirty days of the BIA's July 2009 order dismissing his appeal.

The Government contends that Flores Zavala has waived any challenge to the BIA's order denying his motion for reconsideration because he failed to address the BIA's decision in his opening brief.  Although it initially may appear that Flores Zavala is challenging only the BIA's July 2009 order, review of his brief reveals one argument (that he was not given an opportunity to designate a particular social group) that was raised in his motion for reconsideration.  We therefore conclude that Flores Zavala has

_____

[3] Although the BIA's order erroneously states that Mexico is the country to which Flores Zavala will be removed, the Government indicates that the order of remand in effect is that issued by the IJ in November 2008, which correctly designates El Salvador as the country to which Flores Zavala will be removed.

4

not waived review of the BIA's order denying the motion for reconsideration.[4]

We review the BIA's denial of a motion for reconsideration for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). We will not disturb the BIA's decision unless it is "arbitrary, irrational, or contrary to law." Id. (internal citation omitted).

Upon review, we conclude that the BIA did not abuse its discretion in denying Flores Zavala's motion for reconsideration. Flores Zavala did not specify an error of law or fact in his motion; instead, he repeated arguments advanced in his appeal. See 8 C.F.R. § 1003.2(b)(1); Ahmed v. Ashcroft, 388 F.3d 247, 249, 251 (7th Cir. 2004). The BIA noted that it had rejected on appeal Flores Zavala's argument premised upon the alleged failure to provide him an opportunity to argue that his case is similar to Lukwago v. Ashcroft, in that his particular social group is based on shared past experiences. The BIA's denial of Flores Zavala's motion for reconsideration was not arbitrary, irrational, or contrary to law.

Accordingly, we will deny the petition for review.

---

[4] We cannot consider his other two arguments, as they pertain solely to the July 2009 order, over which we lack jurisdiction.