**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3487
_____

JOSE GREGORIO MENDOZA MERIDA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A091-670-446)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 22, 2016

Before:  JORDAN, BARRY and VAN ANTWERPEN, Circuit Judges

(Opinion filed: February 23, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se petitioner Jose Mendoza Merida ("Mendoza") petitions for review of the order of the Board of Immigration Appeals (BIA) denying his motion for reconsideration. We will deny the petition in part and dismiss it in part.

Mendoza is a citizen of Mexico. He entered the United States in 1988 without admission, and adjusted his status to lawful permanent resident in 1990. In 2012, he was convicted of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841, and sentenced to ten years' imprisonment. Based on that conviction, the Department of Homeland Security charged him with being removable as an alien convicted of an aggravated felony and an alien convicted of a controlled-substance offense. See 8 U.S.C. § 1227(a)(2)(A)(iii), (a)(2)(B)(i). In 2013, an Immigration Judge (IJ) ordered Mendoza removed to Mexico. In 2015, Mendoza appealed to the BIA, which dismissed the appeal as untimely.

Mendoza then filed a motion to reconsider in the BIA. He stated, vaguely, that he had not previously appealed "for too many reasons to count," including because he had previously thought that he did not have a chance to remain in the country. A.R. at 8. He said that he had some issues that he wished to present to the BIA, and thus asked the BIA to reconsider its order dismissing his appeal. The BIA denied the motion, ruling that Mendoza had failed to identify any error in its initial decision. The BIA further explained that, if Mendoza wished to reopen the case, he should file a motion with the IJ. Mendoza then filed a timely petition for review to this Court.

2

We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's denial of Mendoza's motion for reconsideration, but lack jurisdiction to review the underlying removal order. See Stone v. INS, 514 U.S. 386, 405 (1995); Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012). We review the denial of a motion for reconsideration for abuse of discretion, and will disturb the BIA's ruling "only if it was 'arbitrary, irrational, or contrary to law.'" Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005) (quoting Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)).

In Mendoza's brief to this Court, he raises two arguments: (1) the IJ erred by failing to grant a continuance to allow him to obtain counsel; and (2) the IJ erred by failing to give him an opportunity to present defenses or seek a waiver of inadmissibility under 8 U.S.C. § 1182(h). However, Mendoza did not present either of these claims to the BIA. Therefore, Mendoza has failed to exhaust these claims, and we lack jurisdiction to review them. See § 1252(d)(1); Bonhometre v. Gonzales, 414 F.3d 442, 447-48 (3d Cir. 2005). We will thus dismiss Mendoza's petition for review to the extent that he raises these claims.

Meanwhile, Mendoza has failed to argue that the BIA erred by denying his motion for reconsideration, and has therefore waived any such challenge. See Khan v. Att'y Gen., 691 F.3d 488, 496 n.5 (3d Cir. 2012). Moreover, we note that a motion for reconsideration must "state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R.

§ 1003.2(b)(1); see also Castro, 671 F.3d at 364.  In its initial decision, the BIA correctly

concluded that Mendoza had filed his notice of appeal well outside the 30-day deadline.

See 8 C.F.R. § 1003.38(b).  The BIA did not abuse its discretion in ruling that Mendoza's

motion for reconsideration did not identify any error in that decision.  See generally

Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

Accordingly, we will dismiss the petition for review in part and deny it in part.