[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10949
Non-Argument Calendar

_____

Agency Nos. A098-910-058
A098-910-059

DAVI ALVES PEREIRA,
a.k.a. Davi A. Pereira,
MARLENE PEREIRA,
DILMAR ALVES PEREIRA,
a.k.a. Dilmar A. Pereira,
GIOVANI ALVES PEREIRA,
a.k.a. Giovani A. Pereira,
GUILHEREME ALVES PEREIRA,
a.k.a. Guilherme A. Pereira,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 23, 2009)

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Davi Alves Pereira, his wife Marlene, and their three children are natives and citizens of Brazil. They seek review of the Board of Immigration Appeals' decision affirming the Immigration Judge's denial of their applications for asylum and withholding of removal under the Immigration and Nationality Act (INA) and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16. They also seek review of the BIA's order denying their motion for reconsideration.

The Pereiras fear that their social and economic status will make them attractive targets for violent criminals in Brazil. They contend the IJ and the BIA erred in finding that the high risk of criminal violence in that country did not constitute "persecution" based on a statutorily protected ground. Because their appeal from the initial BIA decision was untimely, we lack jurisdiction to review the Pereiras' claims on their merits. The Pereiras also failed to show that the BIA erred in denying their motion for reconsideration. Accordingly, we dismiss the petition in part and deny the petition in part.

I.

We review de novo whether we have subject matter jurisdiction. Arias v.

U.S. Att'y Gen., 482 F.3d 1281, 1283 (11th Cir. 2007). An alien seeking judicial review of an order of removal must file a petition for review not later than 30 days after the order becomes final. INA § 242(b)(1); 8 U.S.C. § 1252(b)(1). A removal order becomes final upon the dismissal of an appeal by the BIA. See 8 C.F.R. § 1241.1(a). "[T]he statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' [and, therefore,] it is not subject to equitable tolling." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quoting Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549 (1995)). The finality of a removal order is not affected by the filing of a motion to reopen or reconsider. Stone, 514 U.S. at 405, 115 S.Ct. at 1549.

Here, the removal order became final on October 17, 2008, when the BIA issued its order affirming the IJ's decision. To seek timely review in this Court, therefore, the Pereiras needed to file their petition by November 17, 2008. See INA § 242(b)(1); 8 U.S.C. § 1252(b)(1). They failed to do so. The Pereiras instead filed a motion asking the BIA to reconsider. Unfortunately for them, that motion did not toll the deadline for appealing the original BIA decision. See Dakane, 399 F.3d at 1272 n.3. Because the Pereiras' petition was not timely, we lack jurisdiction to consider the merits of their arguments for asylum, withholding, and CAT relief. See id. To the extent that the petition challenges the BIA's October 17, 2008 decision, we dismiss it.

3

II.

The Pereiras' petition, filed on February 25, 2009, was timely as to the BIA's January 27, 2009 denial of their motion to reconsider. We review the BIA's denial of reconsideration for abuse of discretion. Assa'ad v. U. S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). After the BIA has affirmed an IJ's order of removal, an alien may seek reconsideration on the ground that the BIA has made a legal or factual error. See INA § 240(c)(6); 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1). A motion for reconsideration must specify the errors of law or fact in the previous order and be supported by pertinent authority. 8 U.S.C. § 1229a(c)(6)(C).

Despite the fact that their petition seeks review of the BIA's order denying reconsideration, the Pereiras do not address that order in their brief before this Court. Instead, the substance of the brief challenges the BIA's original decision, and offers argument only on the merits of the underlying claims–which, as discussed above, we are jurisdictionally barred from considering. The Pereiras make no attempt to show that the BIA abused its discretion in denying reconsideration. Thus, they have abandoned the issue. "When an appellant fails to offer argument on an issue, that issue is abandoned." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005); see also Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (mere assertion of error,

4

without briefing specific arguments on the merits, waives the issue).

Even if the Pereiras had argued the point, they would not be able to show that the BIA abused its discretion in denying their motion for reconsideration. That motion did not identify any specific errors of law or fact in the BIA's original decision, and it contained nothing of substance that had not already been said in the Pereiras' initial appeal. "[M]erely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (citation omitted) (omission in original).  "A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).  The BIA did not abuse its discretion in denying a motion for reconsideration that offered no argument it had not already considered and rejected.  To the extent that the petition challenges the denial of reconsideration, we deny it.

**PETITION DISMISSED IN PART, DENIED IN PART.**

5