UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1673

CLARISSE NZAME SOGHE,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Argued: September 24, 2009          Decided: November 9, 2009

Before MOTZ and GREGORY, Circuit Judges, and Damon J. KEITH,
Senior Circuit Judge of the United States Court of Appeals for
the Sixth Circuit, sitting by designation.

Petition denied by unpublished per curiam opinion.

**ARGUED:** Kim-Bun Thomas Li, LI, LATSEY & GUITERMAN, PLLC,
Washington, D.C., for Petitioner.  Brendan Paul Hogan, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.
**ON BRIEF:** Gregory G. Katsas, Assistant Attorney General, Civil
Division, Keith I. McManus, Senior Litigation Counsel, UNITED
STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Clarisse Nzame-Soghe ("Soghe") asks this Court to review the Board of Immigration Appeals' denial of her motion to reconsider reopening her removal proceedings. We deny the petition because the Board's decision did not abuse its discretion.

I.

Soghe, a Gabon native who holds dual citizenship with Gabon and the Central African Republic ("CAR"), entered the United States on an F-1 student visa in April of 1996. She then failed to report to an English language course in which she was enrolled. As a result, the Immigration and Naturalization Service ("INS") ordered her to show cause why she should not be deported for having unlawfully overstayed her visa. Removal proceedings commenced against Soghe on April 13, 2004. On January 11, 2005, an immigration judge ("IJ") evaluated Soghe's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The IJ found that Soghe failed to demonstrate either past persecution or a well-founded fear of future persecution. Accordingly, the IJ denied Soghe's application for asylum. The IJ also denied petitioner's request for withholding of removal and protection under CAT, and ordered her removed to Gabon.

2

Soghe unsuccessfully appealed this order to the Board, which then successively denied her motions to reopen and reconsider her removal proceedings.

## II.

Our jurisdiction over this matter is pursuant to 8 U.S.C. § 1252 (2006) and limited to the Board order denying Soghe's motion to reconsider.[*] On January 22, 2008, the Board declined to reopen its decision dismissing Soghe's appeal. Soghe had thirty days from the issuance of that order to timely file a petition for review. Id. § 1252(b)(1). This she failed to do, despite having previously requested review of the Board's decision to dismiss her appeal. See Soghe v. Gonzales, 210 F. App'x 312 (4th Cir. 2006) (unpublished). As the thirty-day deadline is a "strict" jurisdictional mandate, we are barred from reviewing Soghe's motion to reopen. See 8 U.S.C. § 1252(b)(1); see also Stone v. INS, 514 U.S. 386, 405 (1995). We therefore review only the Board's denial of her motion to reconsider, the petition for which was timely filed on June 12, 2008.

---

[*] Petitioner would not prevail even if we revisited her motion to reopen, for it was untimely filed. The Board did not abuse its discretion in denying the motion on that basis. See Massis v. Mukasey, 549 F.3d 631, 637 (4th Cir. 2008).

3

The Board's denial of Soghe's motion to reconsider is reviewed for abuse of discretion. See Ogundipe v. Mukasey, 541 F.3d 257, 263 (4th Cir. 2008). We will reverse the Board only if it "acted arbitrarily, irrationally, or contrary to law." Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009).

III.

As the Board's decision to deny Soghe's motion to reconsider was "reasoned," the Board did not abuse its discretion. See M.A. v. INS, 899 F.2d 304, 310 (4th Cir. 1990) (en banc), superseded by statute on other grounds. Soghe, who bore the "heavy burden" of establishing that reconsideration was warranted, failed to state the requisite additional legal arguments, changes in law, or overlooked aspects of the case. See INS v. Adubu, 485 U.S. 94, 110 (1988). Her motion, which largely reiterated contentions the Board had already rejected, "g[ave] the tribunal no reason to change its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

Soghe cited a single factual error in support of her motion to reconsider: a faulty translation of the French word for "bandits." She argued that the word in question was mistranslated as "thieves." Soghe then inferred that the lawless "bandits" were CAR affiliates who had targeted her family after infiltrating Gabon. Even assuming, arguendo, that

4

the distinction between "thieves" and "bandits" is meaningful, Soghe offered no evidence that the alleged bandits were CAR agents. She likewise presented no evidence that CAR agents, rather than Gabonese street thugs, robbed and killed her brother. As the Board indicated, Soghe therefore failed to meet the burden she assumed upon filing her motion to reconsider. Moreover, she failed to establish the changed country conditions that dispense with the 90-day filing deadline for motions to reopen. See, e.g., Zheng v. Holder, 562 F.3d 647 (4th Cir. 2009).

IV.

Supreme Court and Fourth Circuit precedent strongly emphasize that petitioners must pursue administrative remedies before calling upon this Court. A noncitizen must "raise each argument to the [Board] before we have jurisdiction to consider it." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 359 n.2 (4th Cir. 2006) (citing Asika v. Ashcroft, 362 F.3d 264, 267 (4th Cir. 2004)). "Generally, a[ noncitizen]'s failure to raise an issue before the [Board] constitutes a waiver of the issue and precludes review by this court." Gonahasa v. INS, 181 F.3d 538, 544 (4th Cir. 1999). And where a noncitizen fails to "make [an] argument in her appeal to the [Board]," the claim is

"procedurally defaulted." Li v. Gonzales, 405 F.3d 171, 180 n. 6 (4th Cir. 2005).

Petitioner raises a novel argument nearly ten times over as many pages in her opening brief. See, e.g., Pet's Br. at 6, 7, 8, 9, 12, 13, 14, 16, 20. She makes the claim that the Board's January 22, 2008 decision denying her motion to reopen mistook Gabon, rather than CAR, for the locus of the 2003 coup and Soghe's father's arrest. However, the "well established" doctrine of exhaustion of administrative remedies precludes our reevaluation of the motion to reopen. Woodford v. Ngo, 548 U.S. 81, 89 (2006). In the instant case, petitioner failed to assert the above-stated argument on appeal to the Board. She failed to state it in either her motion to reopen or her motion to reconsider. It follows that she may not assert it now. "[U]nder U.S.C. § 1252(d)(1), a[ noncitizen]'s failure to dispute an issue on appeal to the [Board] . . . bars judicial review." Massis, 549 F.3d at 638-40 (surveying circuits in which lack of exhaustion is a "jurisdictional bar").

V.

In its decision to deny Soghe's motion to reconsider, the Board described her arguments as "either cumulative of [those made] previous[ly] . . . or unsupported by documentary

6

evidence."  We agree, and decline to consider any of the novel arguments raised in petitioner's opening brief.

PETITION DENIED