

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2009

# Yunzhen Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2572

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Yunzhen Lin v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1338.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1338

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2572
_____

YUNZHEN LIN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A99 427 615)
Immigration Judge:  Honorable Frederick Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2009

Before: BARRY, SMITH and HARDIMAN, <u>Circuit Judges</u>

(Opinion filed May 21, 2009)
_____

OPINION
_____

PER CURIAM

Yunzhen Lin petitions for review of a Board of Immigration Appeals ("BIA")

decision dismissing her appeal of the Immigration Judge's ("IJ") decision denying her

applications for relief from removal.  We will deny the petition for review.

Lin is a native and citizen of China. She came to the United States in 1998 without admission or parole. In 2005, the Immigration and Naturalization Service issued a notice to appear charging that Lin was subject to removal for being present in the United States without being admitted or paroled. Through counsel, Lin conceded her removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture.

Lin testified that she married in 1999 and that she has two children who were born in the United States in 2000 and 2005. Lin is from Fujian Province in China. She stated that she left China because she saw her mother and neighbors persecuted by family planning officials and she did not want to suffer in the same way. Lin further stated that, if she went back to China, the Government would persecute her, and that, if she became pregnant again, she would be forced to have an abortion and sterilized. Lin also stated that she would be persecuted because of "this Christian stuff in America." A.R. at 80.

In response to a question by the IJ, Lin clarified that her real fear in terms of her children is what would happen if she were pregnant again with a third child. On cross-examination, Lin also stated that persons in China were required to wait five years before seeking permission to have a second child, and that her children were born five years apart. Lin also clarified that she recently became a Christian to help her cope with the stress of potentially being ordered to return to China. Lin testified that she travels to New York City from New Jersey two to three times a month to go to church and listen, but that

2

she had not joined the church. Lin testified on cross-examination that her husband is here without legal status, and that he unsuccessfully applied for asylum based on his Christian religion.

The IJ found Lin credible, but rejected her claim for asylum based on a theory that she may be forced to have an abortion or be sterilized if she were to become pregnant again. The IJ reviewed various legal decisions where aliens had sought asylum based on China's family planning policies. The IJ noted that the BIA had found in another case that parents with children born more than four years apart would not face forced abortion or sterilization, and that this Court had indicated in a non-precedential decision that it was unwilling to extend asylum protection to any woman being removed to China who could potentially become pregnant in the future. The IJ also stated that Lin could not prevail based on the experiences of family members who had suffered a forced abortion or sterilization.

The IJ also rejected Lin's claim for asylum based on her exploration of the Christian religion, which began while she was in removal proceedings. The IJ recognized that persecution against unofficial Christian churches takes place in China, but stated that he would have to speculate as to whether Lin would choose to become a practicing Catholic, what church she would join, and whether she would face persecution. Based on the IJ's finding that Lin did not establish a well-founded fear of persecution for purposes of asylum, the IJ also denied Lin's application for withholding of removal. The IJ further

3

concluded that Lin had not established that she would more likely than not be tortured if removed to China.

The BIA dismissed Lin's appeal. The BIA rejected Lin's argument that she established a well-founded fear of persecution based on evidence that her mother and neighbor living in China had been forced to undergo abortions and sterilizations. The BIA affirmed the IJ's legal conclusions, noting that it had determined in other cases that there is no policy of forced abortions or sterilizations of Chinese nationals returning with multiple children born abroad, and that economic penalties did not rise to the level of persecution. The BIA stated that the current record included evidence similar to that considered in its other decisions, including the United States Department of State's Profile of Asylum Claims and Country Conditions for 2005. The BIA also decided that Lin had not established that it is more likely than not that she would be persecuted or tortured if returned to China. This petition for review followed.

Whether an asylum applicant has established a well-founded fear of future persecution is a factual determination reviewed under the substantial evidence standard. Voci v. Gonzales, 409 F.3d 607, 613 (3d Cir. 2005). Under the substantial evidence standard of review, factual determinations will be upheld unless a reasonable factfinder would be compelled to conclude to the contrary. Abdulrahman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003).

Lin argues that she has a well-founded fear of persecution because she is a

practicing Christian and the background evidence shows that China suppresses such practitioners from observing their faith. Lin points to the 2005 United States Department of State Profile of Asylum Claims and Country Conditions, which provides that "the Government seeks to restrict religious practice to government-sanctioned organizations and registered places of worship and to prevent the rise of competing sources of authority outside of the control of the Government and the Communist Party." A.R. at 180. The Profile, however, further provides that the Government does not interfere with worship at registered Protestant and Catholic churches, as long as religious activities are confined to registered buildings. The Profile reflects that government supervision of religious activity in unofficial Christian churches is minimal in some places, but in other places, security officials use threats, demolition of unregistered property, interrogation, arrest, imprisonment, and at times severe physical abuse to target unregistered religious leaders and followers. In addition, many "house" churches, which conduct prayer meetings or worship services are often tolerated by local authorities as long as they remain small and unobtrusive. In light of this evidence, and the fact that Lin had only recently begun exploring the Christian religion, the record does not compel the conclusion that Lin has a well-founded fear of persecution on account of her religion.

Lin further argues that the IJ and the BIA misconstrued her claim based on China's family planning policies. She states that she fears forced sterilization not only in the event that she becomes pregnant again, but also based on the birth of her two children in

5

the United States. Lin argues that the matter should be remanded for proper consideration of her claim. As noted by the Government, however, the IJ specifically asked Lin, ". . . you don't claim that you would be persecuted by going back just because you have two children who are 5 years apart, do you? Your real fear in terms of just your children is what would happen if you were pregnant again with a third child, is that what you're telling us?" A.R. at 81. Lin replied, "Yes." A.R. at 81. Although Lin argued on appeal to the BIA that she will face sterilization if she returns to China based on the birth of her two children, Lin did not argue that the IJ misconstrued her claim. In any event, the BIA addressed Lin's claim more broadly, concluding that the background evidence did not support a policy of forced abortions or sterilizations of Chinese nationals returning with multiple children born abroad. A remand is not warranted on this basis.

Lin also contends that the BIA and IJ erred in applying a bright-line rule against granting asylum where an individual has U.S. born children. Lin argues that the BIA did not address the record evidence and provide an individualized review of her case. We disagree. The BIA rejected Lin's argument on appeal based on evidence that her mother and neighbor had been subjected to forced abortions or sterilizations. The BIA also noted that it had reviewed the record, and found that the record contained evidence similar to that considered in its cited precedential decisions, including the 2005 Profile of Asylum Claims and Country Conditions. Lin has not shown that the BIA did not undertake an individualized determination in her case. See Kamara v. Attorney General, 420 F.3d 202,

6

212 (3d Cir. 2005) (noting that the BIA's decision need only contain sufficient indicia of an individualized determination).[1]

Accordingly, we will deny the petition for review.

---

[1] The BIA did not err in relying on its earlier decisions such as In re S-Y-G, 24 I.&N. Dec. 247 (BIA 2007), where the BIA addressed the 2005 Profile, along with other evidence, and rejected a claim of a well-founded fear of persecution based on the birth of a Chinese alien's two children in the United States. Lin's background evidence primarily consisted of the 2005 Profile and its appendices, China's 2001 Population and Family Planning Law and Fujian Province's Regulations. We also note that our decision in Zheng v. Attorney General, 549 F.3d 260 (3d Cir. 2008), is not to the contrary. In Zheng, we vacated the BIA's denial of a motion to reopen where the BIA did not discuss most of the evidence submitted by the alien to show changed country conditions in China, and that evidence had not been discussed in the case on which the BIA almost exclusively relied. Id. at 268-69.