**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4640
_____

YUN EN LIN,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-427-615)
Immigration Judge:  Honorable Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2011
Before:  MCKEE, Chief Judge, SMITH AND GARTH, Circuit Judges

(Opinion filed: July 22, 2011)
_____

OPINION
_____

PER CURIAM

Yun En Lin petitions for review of the Board of Immigration Appeals' ("BIA")

order denying her motion for reconsideration and reopening.  We will deny the petition.

I.

Lin is a citizen of China who entered the United States illegally in 1998 and who concedes that she is removable on that basis. She applied for asylum and other relief on the ground, inter alia, that she feared forcible sterilization under China's coercive family planning policies because she had two children while in the United States. The Immigration Judge denied her claims and ordered her removal to China, the BIA dismissed her appeal, and we denied her petition for review. See Lin v. Att'y Gen., 339 F. App'x 202 (3d Cir. 2009).[1]

Lin later filed a motion to reopen with the BIA, alleging both that she had had a third child and that Chinese authorities have intensified their enforcement of family planning policies in her home town of Fuzhou City, Fujian Province. She attached supporting evidence. She also argued that a purported error in the translation of an underlying document renders unreliable the 2007 Profile (and thus the BIA decisions that relied on it). The BIA denied the motion on March 15, 2010, concluding both that Lin had failed to authenticate certain documents and that her other evidence did not show changed conditions. Lin did not petition for review.

Instead, she filed with the BIA the motion at issue here, which requested reconsideration of the March 15 order and again requested reopening on the basis of

_____

[1] Among other things, we held that the BIA properly relied on the 2005 Profile of Asylum Claims and Country Conditions and its prior decisions addressing similar claims. The BIA had relied, inter alia, on In re J-H-S-, 24 I. & N. Dec. 196 (BIA 2007), which in turn addressed both the 2005 and 2007 Profiles. We have since recognized that the 2007 Profile supports the conclusion that there is no general policy of forced abortion or sterilization in China. See Chen v. Att'y Gen., — F.3d

2

additional evidence. She also renewed her attack on the 2007 Profile, this time on the basis of a purported expert report by Dr. Flora Sapio that questions its reliability. The BIA denied that motion on November 29, 2010. Lin petitions for review.

## II.

Lin challenges both the BIA's denial of reconsideration and its denial of reopening in its November 29 order. We have jurisdiction to review those rulings under 8 U.S.C. § 1252(a)(1), and we do so for abuse of discretion. See Vakker v. Att'y Gen., 519 F.3d 143, 146 (3d Cir. 2008). Under that standard, we will not disturb the BIA's rulings unless they are "'arbitrary, irrational, or contrary to law.'" Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008) (citation omitted). We review the BIA's underlying assessment of the record for substantial evidence and may not disturb it unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'" Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)). Our jurisdiction does not extend to the BIA's previous order of March 15 because Lin did not petition for review of that order. See Stone v. INS, 514 U.S. 386, 405-06 (1995); Camara v. Att'y Gen., 580 F.3d 196, 201 & n.10 (3d Cir. 2009).

### A. The BIA's Denial of Reconsideration

In the portion of her motion seeking reconsideration of the BIA's March 15 order, Lin argued that the BIA (1) did not adequately address her evidence under Zheng, and (2) erred in concluding that her Chinese documents were not authentic because it overlooked

---

—, No. 09-3459, 2011 WL 923353, at *2-3 (3d Cir. Mar. 18, 2011).

the alleged facts that they bore official stamps and that she provided the envelope in which they were mailed from China. (A.R. 12-15.) The BIA denied reconsideration because it concluded that Lin "has not presented a material factual or legal aspect of the case that the Board overlooked based on the arguments raised in the prior motion." (Nov. 29, 2010 BIA Order at 1, A.R. 3.) In particular, it concluded that Lin herself had not addressed most of the evidence she previously submitted or "indicate[d] how it was material to her claim." (Id. at 2, A.R. 4.). It also concluded that Lin had raised no argument calling into question its earlier conclusion that she had failed to authenticate her foreign documents in any manner. (Id.)

Lin argues that the BIA abused its discretion in two ways. Both arguments lack merit. First, Lin argues that the BIA erred in concluding that she had not indicated how the documents she previously submitted were material to her claim. It is true that, in her initial motion to reopen, she argued at some length how particular Chinese documents supported her claim. (A.R. at 188-91.) The BIA, however, had rejected those documents for lack of authentication. Its reference to Lin's failure to argue how "most" of her evidence supported her claim thus evidently referred to the other evidence she submitted, the vast majority of which she did not discuss. The BIA did not abuse its discretion by denying reconsideration on this ground.

Second, Lin argues that the BIA erred in rejecting her Chinese documents because some of those documents (which she does not specifically identify) are available on "the Chinese government's [otherwise-unidentified] official websites." Lin, however, did not

4

raise that argument in her motion for reconsideration. (A.R. 12-15.) Because Lin did not present that argument to the BIA as a ground for reconsideration, the BIA can hardly be said to have abused its discretion by failing to reconsider on that basis. It is true that Lin raised that argument in her initial motion to reopen and that the BIA did not address it in denying that motion in its order of March 15. The March 15 order itself, however, is not before us for review. We may instead review only whether the BIA abused its discretion in declining to reconsider that order on the basis of the arguments that Lin presented as grounds for reconsideration and now presents on review. See Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004). We cannot say that it did.

B.    The BIA's Denial of Reopening

Lin's primary challenges to the BIA's denial of reopening are based on the report of her purported expert, Dr. Flora Sapio. Lin presented Dr. Sapio's report in support of her renewed argument that the 2007 Profile is unreliable. The BIA declined to reopen on that basis because, among other things, it was "not persuaded" that Dr. Sapio's report "is an expert opinion on its unreliability." (Nov. 29, 2010 BIA Order at 3, A.R. 5.) Lin's primary argument is that the BIA inadequately addressed this issue. We disagree.

On review, Lin argues at some length that Dr. Sapio's qualifications make her an expert on the 2007 Profile and that her report undermines its reliability. As the Government points out, however, she did not raise any of these specific arguments before the BIA. Instead, she merely referred to Dr. Sapio as a "China expert" and included eight brief bullet points purporting to identify general deficiencies in the 2007 Profile without

5

specifying the portions of the Profile allegedly called into question or the manner in which they relate to her claim. (A.R. 16.) Lin's reference to Dr. Sapio was sufficient for exhaustion purposes. See Lin v. Att'y Gen., 543 F.3d 114, 120-21 (3d Cir. 2008). Given the cursory manner in which she raised Dr. Sapio's report before the BIA, however, we cannot fault the BIA for failing to address the issue in any more detail than it did. We decline to hold that the BIA abused its discretion in denying reopening for reasons that Lin did not argue before the BIA in the first place.[2]

Dr. Sapio aside, Lin argues that two other pieces of evidence warranted reopening. We reject these arguments as well. First, she relies on a Zhengfeng Village Committee Certificate stating, purportedly in response to an inquiry from her cousin, that she will be forced to have an abortion if returned while pregnant and that she will be forcibly sterilized. (A.R. 224.) Lin, however, attached this certificate to her first motion to reopen, and the BIA rejected it in its March 15 order for lack of authentication. As explained above, the BIA did not abuse its discretion in declining to reconsider that ruling, and Lin cannot challenge the underlying ruling itself. Cf. Huang v. Att'y Gen., 620 F.3d 372, 391 & n.12 (3d Cir. 2010) (noting that authenticity of similar certification

---

[2] Lin also argues that, independent of the 2007 Profile, Dr. Sapio's report itself shows changed conditions in China that warrant reopening. In contrast to the issue just discussed, however, Lin did not raise that argument before the BIA at all. We thus lack jurisdiction to address it. See 8 U.S.C. § 1252(d)(1); Lin, 543 F.3d at 120. Lin further argues that the BIA improperly treated the 2007 Profile as unchallengeable in the absence of official retraction. Its consideration of her arguments, however, sufficiently demonstrates that it did not.

"may well be open to question," but leaving that issue for the BIA to decide in the first instance).

Second, Lin relies on what she calls an "internal ShouZhan document," which appears to consist of Changle City, Shou Zhan Township Committee announcements regarding the enforcement of family planning policies in 2009. (A.R. 62-78.) The BIA specifically discussed this document and rejected it on the ground that Lin (who is from Fuzhou City) had not shown that it is applicable to her. (Nov. 29, 2010 BIA Order at 3, A.R. 5.) Lin argues that the BIA erred in requiring evidence regarding her actual hometown because the BIA has recognized that aliens need only submit evidence showing that they "violated family planning policy as established in [their] local province, municipality, or other relevant area[.]" In re S-Y-G-, 24 I. & N. Dec. 247, 251 (BIA 2007). She further argues that the Changle City/Shou Zhan Township documents are from an "other relevant area" because Fuzhou City is located in the same province.

These documents, however, do not purport to announce any policy at the provincial level. Nor has Lin cited any evidence requiring the BIA to conclude that the policy they announce is in force in both cities. Thus, the BIA did not abuse its discretion in rejecting these documents on that basis.[3] Lin has not argued that the BIA inadequately considered the evidence submitted with her second motion to reopen under Zheng or raised any other argument calling the denial of that motion into question.

Accordingly, we will deny the petition for review.

7