Hamdi v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand fourteen.

PRESENT: JON O. NEWMAN,
PIERRE N. LEVAL,
GERARD E. LYNCH,

*Circuit Judges.*

_____

MOHAMED HAMDI,

*Petitioner*,

v.                                                                  No. 12-2451
                                                                        NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONER:        Genet Getachew, Law Office of Genet Getachew, Brooklyn, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Imran R. Zaidi, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mohamed Hamdi ("Hamdi"), a native and citizen of Tunisia, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion for reconsideration of the BIA's earlier order affirming the Immigration Judge's ("IJ") denial of Hamdi's motion to reopen and rescind an *in absentia* order of removal. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to deny the petition for review.

On September 23, 2004, Hamdi adjusted his status to that of a permanent resident on a conditional basis. Hamdi's status was terminated on June 12, 2009, upon the denial of his I-751 petition to remove conditions on residence. Subsequently, a Notice to Appear ("NTA") before the Immigration Court was mailed to Hamdi's home address, charging him with removability under 8 U.S.C. § 1227(a)(1)(D)(i), and ordering him to appear before an IJ on January 5, 2010. After Hamdi failed to appear for his hearing, the IJ entered an *in absentia* order of removal. More than ten months later, Hamdi moved before the IJ to reopen proceedings and rescind the *in absentia* removal order, pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii), claiming that he had not received notice of the hearing. The IJ denied Hamdi's motion to reopen and rescind on December 29, 2010, concluding that Hamdi had not sustained his burden of rebutting the presumption of receipt that arises when a NTA is served by regular mail. The BIA affirmed the IJ's decision without opinion on January 10, 2012. Hamdi did not petition for review of that decision. Instead, he moved before the BIA

2

to reconsider its January 10 decision.  After the BIA denied Hamdi's motion to reconsider on May 21, 2012, Hamdi timely filed the instant petition for review of that decision.

We review the denial of a motion to reconsider for abuse of discretion.  Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir. 2006).  The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner."  Id. (internal quotation marks omitted).  A motion to reconsider "request[s] that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked."  Id. (internal quotation marks omitted).  The motion "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority."  8 C.F.R. § 1003.2(b)(1).

In his petition for review, Hamdi raises a series of purported legal and factual errors in the IJ's decision denying Hamdi's motion to reopen and rescind.  For example, Hamdi argues that the IJ's misunderstanding of New York Domestic Relations law led the judge to unjustifiably question the credibility of Hamdi's testimony on other matters.  These arguments are not properly before the Court.  Because Hamdi did not petition for review of the BIA's January 10 decision affirming the IJ's ruling within the thirty-day filing deadline, we lack jurisdiction to address the merits of the underlying motion to reopen and rescind the in absentia order of removal.  See 8 U.S.C. § 1252(b)(1); Stone v. INS, 514 U.S. 386, 405-06 (2d Cir. 2001); Alam v. Gonzales, 438 F.3d 184, 186 (2d Cir. 2006).

Because Hamdi's contentions in his petition relate solely to errors in the IJ's underlying decision, he has arguably waived any challenge to the BIA's denial of his motion to reconsider. See Yueqing Zhang v. Gonzales, 426 F.3d 450, 541 n.1, 545 n.7 (2d Cir. 2005). In any event, however, the BIA did not abuse its discretion in denying Hamdi's motion for reconsideration. Hamdi sought reconsideration on two grounds. First, Hamdi argued that his motion to reopen proceedings and rescind the *in absentia* order of removal should have been granted because he failed to appear at the January 5, 2010 hearing due to exceptional circumstances. See 8 U.S.C. § 1229a(b)(5)(C)(i). Second, Hamdi disputed the IJ's characterization of his failure to inform U.S. Citizenship and Immigration Service of his address change, and consideration of the fact that Hamdi did not withdraw his I-751 application after he and his wife divorced. The BIA rejected both arguments.

With respect to the first argument, the BIA held that Hamdi could not rely on the exceptional circumstances provision, because he had not raised the argument before the Immigration Judge. See O-S-G-, 24 I&N Dec. 56 (BIA 2006). In addition, the BIA held that if Hamdi's motion to reopen and rescind the *in absentia* removal order had been based on exceptional circumstances, it would still have been untimely, because it was filed more than 180 days after the date of the order of removal. As the BIA correctly explained, a motion to reopen and rescind an *in absentia* removal order on the ground that petitioner's failure to appear was a result of exceptional circumstances must be filed within 180 days of the order of removal. See 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii). Hamdi's motion was filed more than 300 days after the entry of the *in absentia* order of removal.

4

Accordingly, the BIA did not abuse its discretion in denying Hamdi's motion to reconsider on this basis.

With respect to the second argument, the BIA held that petitioner merely reiterated arguments previously considered on appeal. The BIA does not abuse its discretion in denying a motion to reconsider where, as here, the movant merely repeats arguments the BIA has already rejected. Jin Ming Liu, 439 F.3d at 111. Moreover, these arguments are based on disagreements with inferences drawn by the IJ; they do not identify legal or factual errors in the BIA's affirmance of the IJ's decision. See Ahmed v. Ashcroft, 388 F.3d 247, 250 (7th Cir. 2004). Thus, on this ground as well, the BIA did not abuse its discretion in denying Hamdi's motion for reconsideration.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court