**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2555
_____

MOHAMED SANOUSSY NABE,
                                              Petitioner

V.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A076-089-951)
Immigration Judge:  Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2015

Before: FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 14, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Mohamed Nabe, who is proceeding pro se, petitions for review of the Board of Immigration Appeals' ("BIA") April 27, 2015 order denying his motion for reopening and reconsideration. We will deny the petition.

I.

Petitioner is a native and citizen of Guinea who entered the United States in 1998 and was granted asylum in 2000. In 2008, he pleaded guilty to felony credit card fraud, in violation of 15 U.S.C. § 1644(a), in the United States District Court for the Eastern District of New York. He was thereafter sentenced to 48 months' imprisonment and ordered to pay $252,981 in restitution.

In 2012, the Department of Homeland Security moved to reopen removal proceedings to rescind Nabe's asylee status because he had been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(M)(i). Through counsel, Nabe applied for withholding of removal under 8 U.S.C. § 1231(b) (3) and the Convention against Torture ("CAT").[1] The Immigration Judge ("IJ") determined that he was ineligible for withholding of removal because his conviction was for a "particularly serious crime" under 8 U.S.C. § 1231(b) (3) (B) (ii). The IJ did, however, grant Nabe the limited relief of deferral of removal under the CAT. The IJ determined that, due to Nabe's credible testimony that there was a warrant for his arrest in Guinea, he would be

---

[1]Nabe initially applied for asylum and sought to adjust his status to that of a Legal Permanent Resident. He withdrew both applications after conceding that he had been convicted of an aggravated felony.

subjected to torture either upon his arrest or during detention.

The BIA dismissed Nabe's pro se appeal on January 14, 2015. It determined that because Nabe had conceded that he had been convicted of an aggravated felony and was not eligible for asylum or adjustment of status, it would not consider arguments concerning those issues. It then adopted and affirmed the IJ's determination that Nabe had been convicted of a particularly serious crime and, as such, was ineligible for withholding of removal. The BIA explained that Nabe made "no persuasive challenge to the conclusion that his . . . conviction was based on . . . actions that caused losses in excess of a quarter of a million dollars, and which caused significant hardship to at least one of the victims. . . ." (A.R. 000018.)

Nabe did not petition for review of the BIA's order dismissing his appeal. Instead, he filed a motion to reopen and for reconsideration. Nabe's arguments concentrated on the IJ's determination that he had been convicted of a particularly serious crime, and included an assertion that his due process rights were violated because he was not allowed to challenge the charges against him. The BIA denied Nabe's motion on April 27, 2015. It explained that a motion to reopen must state new facts to be considered, and that the new facts must be supported by material, previously unavailable evidence that demonstrates prima facie eligibility for relief. Because Nabe did not present any new evidence, the BIA determined that reopening was not appropriate. It also concluded that he did not meet the standard for reconsideration, which requires the movant to identify an error of fact or law in the previous decision. The BIA acknowledged that Nabe argued that the IJ erred in determining that he had been convicted of a particularly serious crime,

3

but it stated that it had considered his arguments in his prior appeal and that, "[w]ithout specific allegations about why [its] decision was factually or legally erroneous," it would deny the motion. (A.R. 00002.)

Nabe has now filed a petition for review, which the Government opposes.

II.

We have jurisdiction to review final orders of the BIA pursuant to 8 U.S.C. § 1252.[2] Because Nabe did not file a timely petition for review of the BIA's January 2015 order dismissing his appeal, we lack jurisdiction to review that order. See Stone v. INS, 514 U.S. 386, 405-06 (1995). Instead, we review only the April 2015 order denying reopening and reconsideration. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). Ordinarily, we would review this order for abuse of discretion. Id. However, because Nabe was convicted of an aggravated felony, we review only colorable constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(D); Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010). Accordingly, to prevail on review, Nabe must show, not that the BIA erred in its January 2015 ruling, but that it committed legal or constitutional error by refusing to reconsider that ruling or reopen the proceedings on the basis of his motion for those types of relief.

Although Nabe asserts that he seeks review of the BIA's April 2015 order, the argument section of his brief does not even mention the BIA's denial of reconsideration

---

[2] We note that Nabe is subject to a final order of removal for purposes of our jurisdiction even though he was granted deferral of removal under the CAT. See Yusupov v. Att'y Gen., 518 F.3d 185, 196 (3d Cir. 2008).

4

or reopening of which he petitions for review. Rather, the "brief reads as if the order that he is asking us to review were not the denial of reconsideration but instead the original order affirming the immigration judge's removal order." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004). Nowhere does Nabe challenge the rationale for denying reconsideration or reopening or argue that the BIA otherwise abused its discretion in doing so.

Even if we were to construe Nabe's brief as raising challenges to the BIA's April 2015 order, we would reject them. First, the BIA did not commit legal or constitutional error by declining to reopen the proceedings where Nabe did not submit any—much less new—evidence supporting his motion. See 8 C.F.R. §1003.2(c)(1). Second, a motion for reconsideration is a "request that [the BIA] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." In re Ramos, 23 I. & N. Dec. 336, 338 (BIA 2002) (en banc) (quotation marks omitted). Accordingly, Nabe was required to "state the reasons for the motion by specifying the errors of fact or law in the prior . . . decision" and support those assertions with "pertinent authority." 8 C.F.R. §1003.2(b)(1); see also 8 U.S.C. § 1229a(c)(6)(C).

We agree that the BIA accurately determined that Nabe's motion for reconsideration did not satisfy this standard because the motion did not identify any material errors in its decision denying his appeal from the IJ's removal order. Indeed, Nabe's motion did not even acknowledge the BIA's decision. Rather, he advanced arguments that either could have been brought on direct appeal from the IJ's removal order or that reiterated alleged errors made by the IJ that the BIA had already rejected.

5

Such arguments do not satisfy the legal standard for reconsideration, see Ahmed, 388 F.3d at 249; In re O-S-G-, 24 I. & N. Dec. 56, 57-58 (BIA 2006), and thus we cannot hold that the BIA committed legal error in reaching that conclusion.

For the foregoing reasons, we will deny the petition for review.